**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ **AUG 2 6 2019** ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION, :
                                    :
                         Plaintiff, :    19 Civ. 4625 (WFK) (RER)
                                    :
        - against -                 :    ECF Case
                                    :
REGINALD ("REGGIE") MIDDLETON,      :
VERITASEUM, INC., and               :
VERITASEUM, LLC,                    :
                                    :
                        Defendants, :
                                    :
------------------------------------------------------------------x

## STIPULATION AND ORDER IMPOSING PRELIMINARY
## INJUNCTION FREEZING ASSETS AND GRANTING OTHER RELIEF

**WHEREAS** on August 12, 2019, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint (D.E. 1), motion for a temporary restraining order freezing assets, and supporting papers, including a memorandum of law, declarations, and exhibits (D.E. 2 through 7), for its emergency application for a temporary restraining order freezing assets, ordering defendants to show cause, and granting other relief (the "Motion"); and

**WHEREAS** on August 25, 2019, Defendants Reginald ("Reggie") Middleton, Veritaseum, Inc., and Veritaseum LLC ("Defendants") filed Consents to Plaintiff's Motion (D.E. 49 through 51).

**NOW, THEREFORE:**

I.

**IT IS HEREBY ORDERED** that the Commission's application for a preliminary injunction against the Defendants is GRANTED and the preliminary injunction hearing scheduled for August 26, 2019 is ADJOURNED.

## II.

**IT IS HEREBY ORDERED** that pending a final disposition of this action, Defendants—and each of their financial and brokerage institutions, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service, telephonic notice, email notice or otherwise, and each of them—hold and retain within their control and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other

disposal (including the use of any credit cards or any other incurring of debt) of any assets, funds, or other property (including money, virtual currency or other digital asset, real or personal property, tangible assets, securities, commodities, choses in action or other property of any kind whatsoever, in whatever form such assets may presently exist and wherever located) of, held by, or under the control of Defendants, whether held in their name or for their direct or indirect beneficial interest, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of Defendants

to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties, including without limitation all assets, funds, or other properties held in Defendants' name, held by Defendants, or under Defendants' control, **including but not limited** to the assets listed on Schedule A, **provided, however**, that Defendants shall be permitted to access up to $3,000 of their cash assets solely to pay for reasonable and necessary household and living expenses and family care expenses for the week ending September 1, 2019, and that Defendants shall provide documentation to the Commission staff to establish their expense of funds on reasonable and necessary household and living expenses and family care expenses.

## II.

**IT IS FURTHER ORDERED** that Josias N. Dewey of Holland & Knight is appointed as an independent intermediary (the "Independent Intermediary"), and that the Defendants and the Independent Intermediary shall act as follows:

(1)     The Defendants shall cooperate fully with the Independent Intermediary, as reasonably required for the transfer of digital assets specified paragraph V(1)(a) of the Court's Order dated August 12, 2019 (the "Temporary Restraining Order");

(2)     The Independent Intermediary shall certify in writing, within five (5) days after receiving the digital assets pursuant to paragraph V(1)(a) of the Temporary Restraining Order, that he has provided blockchain addresses to Defendants; that Defendants have transferred the digital assets in their possession or control to that address, as specified the Temporary Restraining Order; a written description of the digital assets (by at least name and amount) transferred by Defendants; and that the digital assets will be securely held in escrow pending further direction by the Court;

(3)     Defendants shall pay, upon approval by the Court as set forth below, the reasonable costs, fees, and expenses of the Independent Intermediary incurred in connection with the performance of the respective duties described herein, including, but not limited to, the reasonable costs, fees, and expenses of any digital asset services utilized by the Independent Intermediary to assist in carrying out those duties. All applications for costs, fees, and expenses of the Independent Intermediary shall be made to the Court, with notice to Defendants and an opportunity to be heard, setting forth in reasonable detail the nature of such costs, fees, and expenses; and

3

(4)     The Independent Intermediary and all persons who may be engaged or employed by the Independent Intermediary with the Court's approval to assist in carrying out the duties hereunder shall not be liable for any act or omission of the Independent Intermediary or such person, respectively, unless it shall be proven that the Independent Intermediary acted in bad faith or omitted to act.

### III.

**IT IS FURTHER ORDERED** that, pending the final disposition of this action, Defendants **SHALL NOT** destroy, alter, or conceal documents, books, and records that are in their possession, custody, or control, or the possession, custody, or control of each of their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including documents that concern the allegations in the Complaint or Defendants' assets, finances, or business operations;

### IV.

**IT IS FURTHER ORDERED** that the expedited discovery schedule reflected in the Court's Order dated August 12, 2019 shall no longer be in effect, except that Defendants shall provide **FULL** and **COMPLETE** responses to the Commission's pending interrogatories and document requests regarding Defendants' financial conditions **no later than** September 30, 2019.

### V.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), this Order shall be, and is, binding upon Defendants and each of their respective agents, servants, employees, and attorneys, and those persons in active concert or participation with

them who receive actual notice of this Order by personal service, facsimile, email, overnight

courier, or otherwise.

**VI.**

**IT IS FURTHER ORDERED** that the parties shall appear for a scheduling conference

pursuant to Federal Rule of Civil Procedure 16, before the Honorable Magistrate Judge Reyes,

no later than October 11, 2019.

STIPULATED AND AGREED TO:

Date:   August 25, 2019 _____     By: _____

                                     Jorge G. Tenreiro
                                     Victor Suthammanont
                                     Karen E. Willenken
                                     Securities and Exchange Commission
                                     New York Regional Office
                                     200 Vesey Street, Suite 400
                                     New York, New York 10281
                                     (212) 336-9145 (Tenreiro)
                                     TenreiroJ@sec.gov
                                     *Attorneys for Plaintiff Securities and*
                                     *Exchange Commission*

Date:   August 25, 2019 _____     By: __/s/ David L. Kornblau_____

                                     David L. Kornblau, Esq.
                                     Teresa Lewi, Esq.
                                     COVINGTON & BURLING LLP
                                     620 Eighth Avenue
                                     New York, New York 10018
                                     (212) 841-1000
                                     dkornblau@cov.com
                                     *Attorneys for Defendants Reginald*
                                     *Middleton, Veritaseum, Inc., and*
                                     *Veritaseum, LLC*

SO ORDERED

Dated: Aug. 26, 2019
Brooklyn, New York

                                   s/WFK

                         HON. WILLIAM F. KUNTZ
                         UNITED STATES DISTRICT JUDGE

Schedule A

| FINANCIAL INSTITUTION | NAME OF ACCOUNT | ACCOUNT NUMBER (Last 4 Digits) OR IDENTIFYING INFORMATION |
|---|---|---|
| Bank of America | Middleton, Reginald | XXXXXX3904 |
| Bank of America | Middleton, Reginald | XXXXXX3917 |
| Bank of America | Veritaseum Holdings | XXXXXX1142 |
| Bank of America | Veritaseum Assets LLC | XXXXXX1786 |
| Citibank | 221 Washington Avenue LLC | XXX1498 |
| Citibank | 281 Cumberland Street LLC | XXX1711 |
| Citibank | Lefferts Place LLC | XXX1404 |
| Citibank | Middleton, Reginald | XXX1630 |
| Citibank | Reggie Middleton LLC | XXX1201 |
| Citibank | Veritaseum Inc. | XXXXX4865 |
| Citibank | Veritaseum LLC | XXXXX2142 |
| JPMC | Middleton, Reginald | XXXXX7843 |
| JPMC | Veritaseum LLC | XXXXX5610 |
| Kraken | Veritaseum, LLC | XXXXX5A7Q |
| Gemini | | Account ID ending in 5247 |
| Coinbase | | User IDs ending in 00e3c & 00053a |
| Interactive Brokers | Veritaseum Assets, LLC | XXXXX0423 |
| Afrasia Bank (Mauritius) | Veritaseum PanAfrica Holdings | |

| | | |
|---|---|---|
| Barclays Bank (Mauritius) | Veritaseum PanAfrica Holdings | |
| Guaranty Trust Bank (Nigeria) | Veritaseum PanAfrica | |
| Access Bank (Nigeria) | Veritaseum PanAfrica | |
| Zenith Bank (Nigeria) | Veritaseum PanAfrica | |
| Ethereum Blockchain Address | | 0x2cc2720ec4263ca730e6209348673665939c29e2 |
| Ethereum Blockchain Address | | 0x599a4b8188676224d4c9b393b947e332b60b15e3 |
| Ethereum Blockchain Address | | 0x82c48875c17ee5812f909a9d75c0f64f7a8719fe |
| Ethereum Blockchain Address | | 0x7dad3795a4681cd34c673abbdde0257c3be7f231 |
| Ethereum Blockchain Address | | 0x47afae2eb056630dbde374cc7e79c69d9120c372 |
| Ethereum Blockchain Address | | 0xaeb0a7e45db38bb72eaa95a390161e954458896d |
| Ethereum Blockchain Address | | 0xf278b6c5c89866af3c2cd5426d0e095225c86890 |
| Ethereum Blockchain Address | | 0xfa436023ee356ceaef2fb9184222e650c55d0ae1 |
| Ethereum Blockchain Address | | 0xfb9063ad5e9fa8eb91a1e1cd71cbdf6d765ecaff |
| Ethereum Blockchain Address | | 0x67bb19d5a4f1b9939178d92a09d62444e4a76438 |
| Ethereum Blockchain Address | | 0xd2b87eb4418f07fe2c65800ee0db995e8caef3b3 |
| Ethereum Blockchain Address | | 0xeeaf0b2dbbf6d0a7de0e0668a1c97ba7f3098840 |

| | | |
|---|---|---|
| Ethereum Blockchain Address | | 0x3f6caf49da88ca2452b1f8ad5b710db7141e48a8 |
| Ethereum Blockchain Address | | 0x2483b897720a1ff105675ba04f6e1c46cd903ec2 |
| Ethereum Blockchain Address | | 0x67bb19d5a4f1b9939178d92a09d62444e4a76438 |
| Ethereum Blockchain Address | | 0xD7479145E52aDc22e6c4DC2c6809a69716823f42 |
| Ethereum Blockchain Address | | 0xA64983B89345AEa760Ec122f1DDA463EDc9100BF |
| Ethereum Blockchain Address | | 0x95841340a779363E9329ed5019E72A05989fd304 |
| Ethereum Blockchain Address | | 0x75C526d5143792446E0837B5ac84f17576dd76B1 |
| Ethereum Blockchain Address | | 0x9b6EFFA280482B00c8898d5b4cB7fFFe05AB8CbF |
| Ethereum Blockchain Address | | 0x74c760a2840CC4f6a65AAc5bE052ebb1B8739E88 |
| Ethereum Blockchain Address | | 0xe8916277B0953034F085d4f6fA4DaFb89E003492 |
| Ethereum Blockchain Address | | 0x4D9471136B8569aE7EF7F6D5ae2a48aC1b12e33F |
| Ethereum Blockchain Address | | 0x3f6caf49da88ca2452b1f8ad5b710db7141e48a8 |
| Bitcoin Blockchain Address | | 1Jn6XJtCUrCAyEx328Ddn7njAcqKJ21CbJ |
| Bitcoin Blockchain Address | | 1DxueK11gJCFpswAM2P6tTC2pgz1gXZfCc |
| Bitcoin Blockchain Address | | 14ioyNTzBQY9kqK6WzM6eeyqWfJrtM2W7W |
| Bitcoin Blockchain Address | | 1L2yn1oubhnVHze7vajFxctBor5NFk2Upy |
| Bitcoin Blockchain Address | | 13eFTG5BZirH4WzMhPWDt9YjkDDezz7nke |

| | | |
|---|---|---|
| Bitcoin Blockchain Address | | 19tL87qf8DaiQmtyBZFZoDDrSLQpLFJcd7 |
| Bitcoin Blockchain Address | | 16obZYxWffrEifadq9L9K9rEaDEPsK11eH |
| Bitcoin Blockchain Address | | 155Jpk9qqak7sMnE2bgkpcrU4wUxeRfguD |
| Bitcoin Blockchain Address | | 14M1F4VRvxHJGCmNEixnMwtfSjwGdC2BHz |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**SECURITIES AND EXCHANGE COMMISSION,**      :

                       **Plaintiff,**      :      **19 Civ. 4625 (WKF) (RER)**

             **- against -**      :      **ECF Case**

                                    :

**REGINALD ("REGGIE") MIDDLETON,**      :
**VERITASEUM, INC., and**      :
**VERITASEUM, LLC,**      :

                     **Defendants,**      :

                                    :
------------------------------------------------------------ x

**CONSENT OF DEFENDANT REGINALD MIDDLETON TO ORDER OF**
**PRELIMINARY INJUNCTION AND OTHER INTERIM RELIEF**

      1.     Defendant Reginald ("Reggie") Middleton acknowledges having been served with

the complaint in this action and all of the papers filed by the Securities and Exchange

Commission in support of its Emergency Application for a Temporary Restraining Order

Freezing, Requiring Defendants to Show Cause, and Granting Other Relief ("Application") dated

August 12, 2019; enters a general appearance; and admits the Court's jurisdiction over him, and

over the subject matter of this action.

      2.     Without admitting or denying the allegations in the complaint (except as to

personal and subject matter jurisdiction, which are admitted), Defendant Middleton consents to

the entry of the Order of Preliminary Injunction and Other Interim Relief against him in the form

attached hereto ("Preliminary Injunction Order") and incorporated by reference herein, which,

pending a final disposition of this action, among other things:

              (a) orders that, pending a final disposition of this action, Middleton's assets be frozen

                    as detailed therein; and

(b) continues the appointment of the Independent Intermediary as that term is defined

and as provided for therein.

3.     Middleton agrees that this Consent shall be incorporated by reference in, and

made part of, the Preliminary Injunction Order to be presented to the Court for signature, filing

and entry contemporaneously herewith.

4.     Middleton agrees that he will not oppose the enforcement of the Preliminary

Injunction Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the

Federal Rules of Civil Procedure, and hereby waives any objection he may have based thereon.


Dated: _____              _____
                                             Reginald ("Reggie") Middleton


State of _____   )
                           ) ss.:
County of _____   )

       On this 25th day of August 2019, Reginald Middleton, a person known to me, appeared
before me and acknowledged executing the foregoing Consent.


_____
Notary Public


Approved as to form:

/s/ David Kornblau
David Kornblau, Esq.
Attorney for Reginald Middleton


*Dated: August 25, 2019*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,          :
                                             :
                              Plaintiff,     :         19 Civ. 4625 (WKF) (RER)
                                             :
              - against -                    :         ECF Case
                                             :
REGINALD ("REGGIE") MIDDLETON,               :
VERITASEUM, INC., and                        :
VERITASEUM, LLC,                             :
                                             :
                              Defendants,    :
                                             :
-------------------------------------------------------------------x

## CONSENT OF DEFENDANT VERITASEUM, INC. TO ORDER OF PRELIMINARY INJUNCTION AND OTHER INTERIM RELIEF

1.      Defendant Veritaseum, Inc. acknowledges having been served with the complaint in this action and all of the papers filed by the Securities and Exchange Commission in support of its Emergency Application for a Temporary Restraining Order Freezing, Requiring Defendants to Show Cause, and Granting Other Relief ("Application") dated August 12, 2019; enters a general appearance; and admits the Court's jurisdiction over it, and over the subject matter of this action.

2.      Without admitting or denying the allegations in the complaint (except as to personal and subject matter jurisdiction, which are admitted), Defendant Veritaseum, Inc. consents to the entry of the Order of Preliminary Injunction and Other Interim Relief against it in the form attached hereto ("Preliminary Injunction Order") and incorporated by reference herein, which, pending a final disposition of this action, among other things:

        (a) continues the freeze over Veritaseum, Inc.'s assets as detailed therein; and

(b) continues the appointment of the Independent Intermediary as that term is defined and as provided for therein.

3.     Veritaseum, Inc. agrees that this Consent shall be incorporated by reference in, and made part of, the Preliminary Injunction Order to be presented to the Court for signature, filing and entry contemporaneously herewith.

4.     Veritaseum, Inc. agrees that it will not oppose the enforcement of the Preliminary Injunction Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection he may have based thereon.

Dated: August 25, 2019

Veritaseum, Inc.

By: _____

Reginald Middleton

[Title] *CEO*

Brooklyn, New York

State of _____    )
                          ) ss.:
County of _____    )

On this 25th day of August 2019, Reginald Middleton, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Veritaseum, Inc. as its _____.

_____

Notary Public

Approved as to form:

/s/ David Kornblau

David Kornblau, Esq.

Attorney for Reginald Middleton

*Dated: August 25, 2019*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,       :
                                          :
                              Plaintiff,  :      19 Civ. 4625 (WKF) (RER)
                                          :
                - against -               :      ECF Case
                                          :
REGINALD ("REGGIE") MIDDLETON,            :
VERITASEUM, INC., and                     :
VERITASEUM, LLC,                          :
                                          :
                              Defendants, :
                                          :
------------------------------------------------------------x

## CONSENT OF DEFENDANT VERITASEUM LLC TO ORDER OF PRELIMINARY INJUNCTION AND OTHER INTERIM RELIEF

1.      Defendant Veritaseum LLC acknowledges having been served with the complaint

in this action and all of the papers filed by the Securities and Exchange Commission in support

of its Emergency Application for a Temporary Restraining Order Freezing, Requiring

Defendants to Show Cause, and Granting Other Relief ("Application") dated August 12, 2019;

enters a general appearance; and admits the Court's jurisdiction over it, and over the subject

matter of this action.

2.      Without admitting or denying the allegations in the complaint (except as to

personal and subject matter jurisdiction, which are admitted), Defendant Veritaseum LLC

consents to the entry of the Order of Preliminary Injunction and Other Interim Relief against it in

the form attached hereto ("Preliminary Injunction Order") and incorporated by reference herein,

which, pending a final disposition of this action, among other things:

          (a) continues the freeze over Veritaseum LLC's assets as detailed therein; and

(b) continues the appointment of the Independent Intermediary as that term is defined

and as provided for therein.

3.       Veritaseum LLC agrees that this Consent shall be incorporated by reference in,

and made part of, the Preliminary Injunction Order to be presented to the Court for signature,

filing and entry contemporaneously herewith.

4.       Veritaseum LLC agrees that it will not oppose the enforcement of the Preliminary

Injunction Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the

Federal Rules of Civil Procedure, and hereby waives any objection he may have based thereon.


Dated: August 25, 2019            _Veritaseum LLC_

Veritaseum LLC

By: _Reginald Middleton_

Reginald Middleton

[Title] Member

Brooklyn, New York


State of _____          )
                                             ) ss.:
County of _____       )


      On this 25th day of August 2019, Reginald Middleton, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Veritaseum LLC as its _____.


_____

Notary Public


Approved as to form:

/s/ David Kornblau

David Kornblau, Esq.

Attorney for Reginald Middleton


*Dated: August 25, 2019*


2