


FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 16 2019 ★
BROOKLYN OFFICE



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
BROOKFIELD PLACE
200 VESEY STREET, ROOM 400
NEW YORK, NY 10281-1022

Victor Suthammanont
WRITER'S DIRECT DIAL
TELEPHONE: (212) 336-5674
SuthammanontV@sec.gov

September 13, 2019

Via UPS Overnight

Hon. William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: SEC v. Middleton et al., No. 19 Civ. 4625 (WFK-RER)

Dear Judge Kuntz:

I write on behalf of Plaintiff Securities and Exchange Commission ("Commission") to request that the Court authorize, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, that the Commission serve a subpoena under Rule 45 on third-party witness Mark Sheahan ("Sheahan") (Exhibit A hereto) in advance of the parties' Rule 26(f) conference in this matter. The Commission seeks leave to serve the subpoena ahead of the Rule 26(f) conference to preserve electronically-stored and other information relevant to the Commission's claims, given Sheahan's failure to comply with a Commission subpoena for that evidence, and evidence in the record that there have already been attempts to destroy at least some of that evidence.

On August 12, 2019, the Commission obtained a temporary restraining order freezing certain of Defendants' assets (DE 9) pending a preliminary injunction hearing. Defendants filed an opposition to the Commission's application for a preliminary injunction (DE 19-33), arguing that the VERI tokens they sold were not an investment contract and therefore not a security under *SEC v. W.J. Howey*, 328 U.S. 293 (1946) ("*Howey*"). In their opposition, Defendants included a declaration by Sheahan, dated August 19, 2019. (DE 32.) Sheahan swore under penalty of perjury, among other things, that he had purchased and currently held VERI tokens offered by Defendants, but did not view them as securities, in part because he was "heavily involved in a publicly available chat room on the Telegram messaging app, where it is well-known among members of the chat room that the purpose of VERI is to be used as a utility token on Veritaseum's software." (*Id.* at ¶¶ 1-5.)

On August 19, 2019, the Commission issued document and deposition subpoenas to Sheahan (Exhibits B and C), calling for, among other things, "all communications with anyone about Veritaseum or VERI Tokens and all documents concerning any such communications...." On August 22, 2019, Sheahan, through counsel, produced to the Commission a download from a publicly available chat room on the Telegram messaging application ("Telegram") dedicated to Veritaseum (the "Official Chat"). During his deposition on August 24, 2019, however, Sheahan admitted having had access to a separate Telegram chat room (the "VERIMarines Chat")

Hon. William F. Kuntz
September 13, 2019
Page 2

(Exhibit D at 54:15-56:17), for which he had produced no documents. Sheahan testified that he did not "pull" anything from that room because "anything meaningful goes into the main room," (*id.* at 65:15-67:25), and he had not gotten "any worthy feedback" from posting in the VERIMarines Chat. (*Id.* at 68:19-69:19.) The subpoena's scope, however, plainly included Sheehan's own communications, whether or not he viewed them as "worthy" communications.

Moreover, although Sheahan apparently searched the VERIMarines Chat for responsive documents, he did not produce communications from that chat that were highly relevant to the statements in his own affidavit. Specifically, Sheahan posted at least four messages in the VERIMarines Chat that discussed the price of, or anticipated demand for, the VERI tokens, suggesting that Sheahan, despite his sworn affidavit to the contrary, reasonably expected to profit from his VERI tokens purchases, and thus viewed them as investment contracts under *Howey*. (Exhibits E through H.) Most significantly, Sheahan did not produce an exchange (Exhibit E) in which a user had posted: "Sooo veritas tokens are actually an investment?? Annnndddd price matters?? . . . Veri 5k and Reggie knows that!!!!" and to which Sheahan had responded: "He knows it, we know it, and the SEC knows it. If he were to go there, the token would instantly be classified as a security."

Members of the Commission staff independently reviewed the contents of the VERIMarines Chat and determined that the foregoing post by Sheahan had been deleted from Telegram sometime between August 21, 2019, when Sheahan was preparing to produce documents to the Commission staff, and Sheahan's deposition on August 24, 2019. At his deposition, Sheahan admitted deleting messages from Telegram, although he claimed that he did not delete any relevant information (Ex. D at 60:24-62:10). Sheahan further acknowledged that only the original poster of a message or the VERIMarines Chat room administrator (whom he converses with on Telegram) can delete a message.

Although the staff independently preserved the contents of the VERIMarines Chat, it had and has no access to any of the private features of the Telegram service, which permit users to send and receive private messages and to make phone calls. Thus, although Sheahan produced to the staff some private messages between himself and other Telegram users, the staff does not know whether he produced the entirety of such messages, or only those he found "worthy." Indeed, during Sheahan's deposition, the staff asked Sheahan to look at his Telegram chats to ensure that he had produced all relevant communications, but his counsel instructed him not to do so, despite Sheahan being under an obligation to comply with the Commission's document subpoena for relevant VERI communications.

Accordingly, at the deposition and then again latter on August 24, 2019, at 8:30 PM, Commission staff asked Sheahan's counsel that Sheahan fully comply with the subpoena, including by producing "all communications with anyone about Veritaseum or VERI Tokens and all documents concerning any such communications...." Sheahan's counsel has rejected or failed to substantively respond to that and other subsequent attempts by the staff to obtain full compliance with the subpoena.

The subpoena attached as Exhibit A calls for the production of electronic devices through which Sheahan has accessed Telegram, because it is the staff's understanding that access to

Hon. William F. Kuntz
September 13, 2019
Page 3

electronically-stored information in such devices may, under some circumstances, permit the recovery of previously-deleted Telegram chat messages. Because such evidence may be lost over time through normal operation of the device, however, simply asking Sheahan not to delete anything further (even assuming he would comply with such an instruction) would not be sufficient to preserve the remnants of any such deleted evidence. An immediate forensic imaging of Sheahan's electronic devices is critical to preserve evidence that has already been the subject of a spoliation attempt, and to prevent further spoliation.

Given that evidence—including of investor expectations in the form of contemporaneous chat messages—has been deleted, Sheahan's original failure to fully comply with the document subpoena and his subsequent refusal to comply with follow-up requests for compliance with the subpoena, and the risk of further spoliation before the parties can formulate a discovery plan, the Commission respectfully requests that the Court authorize the issuance of the Rule 45 subpoena in Exhibit A. The Commission staff reached out to counsel for the Defendant to obtain their consent to the request for the issuance of the subpoena, but did not receive a response prior to the filing of this letter.

Respectfully submitted,

/s/ Victor Suthammanont

Victor Suthammanont

Encl.

cc (via email): David Kornblau, Esq. (Counsel for Defendants)
Robert Knuts, Esq. (Counsel for Mark Sheahan)

The application is ✓ granted.
SO ORDERED,  ~~denied.~~
s/WFK

William F. Kuntz, II, U.S.D.J.
Dated: Sept. 13, 2019
Brooklyn, New York