**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
   :
                                 Plaintiff,    :       19 Civ. 4625 (WFK) (RER)
   :
                            - against -    :       ECF Case
   :
REGINALD ("REGGIE") MIDDLETON,    :
VERITASEUM, INC., and    :
VERITASEUM, LLC,    :
   :
                             Defendants.    :
   :
------------------------------------------------------------------x

**FINAL JUDGMENT AS TO DEFENDANTS REGINALD MIDDLETON, VERITASEUM, INC., AND VERITASEUM, LLC**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants Reginald Middleton ("Middleton"), and Veritaseum, Inc. and Veritaseum, LLC ("Veritaseum," together with Middleton, "Defendants"), having acknowledged being served with the Complaint and entered a general appearance; and having consented to the Court's jurisdiction over Defendants and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XX), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Middleton is permanently restrained and enjoined from violating Section 9(a)(2) of the Exchange Act [15 U.S.C. § 78i(a)(2)], by the use of the mails or any means or instrumentalities of interstate commerce, or of any facility of any national securities exchange, directly or indirectly, to effect, alone with one or more other persons, a series of transactions in any security registered on a national securities exchange, any security not so registered, or in connection with any security-based swap or security-based swap agreement with respect to such security creating actual or apparent active trading in such security, or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Middleton's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Middleton or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant Middleton is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants are prohibited from engaging in any offering of digital securities.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $7,891,600, representing certain profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $582,535, for a total of $8,474,137. Defendant Middleton is liable for a civil penalty in the amount of $1,000,000, assessed pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, a Fair Fund is created so that collected disgorgement, prejudgment interest, and civil penalties can be combined for distribution in this matter (the "Veritaseum Fair Fund").

Defendants' obligation to pay disgorgement and prejudgment interest of $8,474,137, and Defendant Middleton's obligation to pay a civil penalty of $1,000,000, shall be deemed fully satisfied by the transmission of the "Frozen Metals" to the Independent Intermediary in the manner set forth in paragraph VIII herein, by the transmission of the "Frozen Bank Assets" to the Commission in the manner set forth in paragraph XVI herein, and by the turnover of the "Frozen Digital Assets" in the manner set forth in paragraph XVII herein.

Amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Middleton shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Middleton's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Middleton's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Middleton shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought

against any of the Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED, that, within 3 days after being served with a copy of this Final Judgment, **Diamond State Depository, LLC, d/b/a International Depository Services of Delaware** ("IDS"), as custodian of the precious metals held in the name of Defendant Veritaseum, LLC and/or Veritaseum Assets, LLC, ordered frozen pursuant to Orders of this Court dated August 12, 2019 and August 26, 2019, representing certain profits gained as a result of the conduct alleged in the Complaint, and listed in Appendix A, hereto (the "Frozen Metals"), shall transmit the Frozen Metals to a vault in the name of the Independent Intermediary;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Independent Intermediary, appointed by Orders of this Court dated August 12, 2019 and August 26, 2019, shall have the authority to take all reasonable actions to sell, and oversee the sale of the Frozen Metals, including having the authority to retain a third-party consultant that will help it determine the best manner of liquidating such assets, and to ensure that all proceeds from the sale of the Frozen Metals are transmitted to the Commission per the terms set forth in Paragraph XVI hereto.

The costs and expenses incurred by the Independent Intermediary in connection with carrying out the obligations of this Paragraph VIII shall be reimbursed pursuant to Paragraph IX below. The Commission shall hold the proceeds from the sale of the Frozen Metals, together with any interest and income earned thereon, for distribution with the Veritaseum Fair Fund, pending further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any outstanding unissued digital tokens attributable to the Frozen Metals created and held by Defendants or entities under their control shall be cancelled.

Upon the transfer outlined above by IDS, all asset freeze obligations imposed upon IDS by the Court's orders of August 12, 2019 (DE 9), and August 26, 2019 (DE 51) shall terminate immediately.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that upon completion of its obligations in paragraphs VIII and XVII, herein, and its obligations under the Orders of the Court entered August 12, 2019 and August 26, 2019, the Independent Intermediary shall submit a final invoice for the reasonable costs, fees, and expenses incurred in connection with its duties for payment by Defendants in accordance with this Court's order dated August 26, 2019; and its engagement as Independent Intermediary shall be terminated.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Holland & Knight LLP ("Holland & Knight") is appointed Distribution Agent for the Veritaseum Fair Fund, to assist in overseeing the administration and the distribution of the Veritaseum Fair Fund in coordination with the Commission's counsel of record, pursuant to the terms of a distribution plan to be approved by this Court. As Distribution Agent, Holland & Knight will, among other things:

    a) Perform services in accordance with the pricing schedule and cost proposal submitted by Holland & Knight to the Commission;

  b) As needed, arrange to hold securely in escrow assets to be distributed, including without limitation, the digital assets discussed in paragraph XVII, below, and maintain, at all times, a written description of the digital assets by, at least, name and amount;

  c) Work with the Commission's counsel of record to develop a distribution plan to be approved by the Court;

  d) Determine the identities and locations of harmed investors pursuant to a claims process or as otherwise directed by a Court-approved distribution plan (the "Plan");

  e) Quantify losses and distribution amounts of investors eligible for a distribution under the Plan and effect a distribution pursuant to the Plan;

  f) Respond to investor and distribution related inquiries;

  g) Calculate a reserve for fees, expenses, and taxes (the "Reserve") and perform all activities necessary to the distribution of the Veritaseum Fair Fund net the Reserve in accordance with the Plan;

  h) Coordinate with the Court-appointed tax administrator to ensure timely compliance with all tax related obligations;

  i) File with the Court or provide to the Commission's counsel of record to file with the Court, a quarterly status report within forty-five (45) days of Court approval of the Plan, and provide additional reports within thirty (30) days after the end of every quarter thereafter. Upon establishing an escrow account into which the monies in the Veritaseum Fair Fund are transferred, Holland & Knight will include a quarterly accounting report, in a format to be provided by the Commission, in the status report. The status report and quarterly accounting report will inform the Court and the Commission of the activities and status of the Veritaseum Fair Fund during the relevant reporting period and will specify, at a minimum:

    i) The location of the account(s) comprising the Veritaseum Fair Fund;

    ii) A written description by at least name and amount of any digital assets held; and

    iii) An interim accounting of all monies in the Veritaseum Fair Fund as of the most recent month-end, including the value of the account(s), all monies earned or received into the account(s), funds distributed to eligible claimants under the Plan, and any monies expended from the Veritaseum Fair Fund to satisfy fees, expenses, and taxes, incurred or required in the administration of the Veritaseum Fair Fund or the implementation of the Plan; and

j) Comply with the Plan and all Court orders.

## XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller Kaplan Arase LLP ("Miller Kaplan"), a certified public accounting firm, is hereby appointed as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, for the Veritaseum Fair Fund. As the Tax Administrator, Miller Kaplan shall:

a) Be designated the Tax Administrator of the Veritaseum Fair Fund, pursuant to Section 468B(g) of the Internal Revenue Code, 26 U.S.C. § 468B(g), and related regulations, and shall satisfy the administrative requirements imposed by those regulations, including but not limited to (i) obtaining a taxpayer identification number, (ii) filing applicable federal, state, and local tax returns and paying taxes reported thereon out of the Veritaseum Fair Fund, and (iii) satisfying any information, reporting, or withholding requirements imposed on distributions from the Veritaseum Fair Fund, including but not limited to the Foreign Account Tax Compliance Act.

Upon request, the Tax Administrator shall provide copies of any filings to the Commission's counsel of record;

      b)  Be entitled to charge reasonable fees for tax compliance services and related expenses in accordance with its agreement with the Commission for the Tax Years 2019-2021;

      c)  At such times as the Tax Administrator deems necessary to fulfill the tax obligations of the Veritaseum Fair Fund, submit a request to the Commission's counsel of record for authorization to pay from the Veritaseum Fair Fund tax obligations of the Veritaseum Fair Fund; and

      d)  Comply with the Plan and all Court orders.

## XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Holland & Knight and Miller Kaplan, as Distribution Agent and Tax Administrator, respectively, are entitled to rely on all outstanding rules of law and Court Orders.

## XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Holland & Knight (as Distribution Agent) and Miller Kaplan will be entitled to reimbursement and compensation from the Veritaseum Fair Fund for the reasonable fees and expenses incurred in the performance of their duties—Holland & Knight, in accordance with its cost proposal submitted to the Commission's counsel of record, and Miller Kaplan in accordance with its agreement with the Commission for Tax Years 2019-2021.  The Commission is authorized to approve and arrange payment of all tax obligations owed by the Veritaseum Fair Fund and the fees and expenses of Holland & Knight and Miller Kaplan directly from the Veritaseum Fair Fund without further order of this Court.  Holland & Knight and Miller Kaplan will submit invoices of all fees and expenses

incurred in connection with their respective duties to the Commission's counsel of record for review and, as appropriate, payment. All payments will be reflected in the quarterly and final accountings referenced above.

XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that upon completing their duties as set forth herein, Holland & Knight and Miller Kaplan will jointly provide to the Commission's counsel of record a final accounting in a form provided by the Commission's counsel of record; a final report providing statistics related to the distribution, including amounts disbursed to investors, amounts returned and/or not delivered or negotiated, outreach efforts on unnegotiated payments and the costs and results of the same, and statistics concerning payments made to individuals and entities; and an affidavit in a format acceptable to the Commission's counsel of record summarizing their activities as distribution agent and tax administrator.

XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Holland & Knight and/or Miller Kaplan may be removed *sua sponte* at any time by the Court or upon motion of the Commission and replaced with a successor. In the event Holland & Knight and/or Miller Kaplan decide to resign, the resigning entity must first give written notice to the Commission's counsel of record and the Court of its intention, and resignation, if permitted, will not be effective until the Court has appointed a successor. The resigning entity will then follow instructions from the Court or a successor for relinquishing its duties, including all records related to Veritaseum Fair Fund monies and property. Unless otherwise ordered, the resigning entity will within thirty (30) days of the notice of resignation or removal, file with the Court an

accounting and a report of its activities as further set forth above, and provide any other information requested by the Commission, the Court, or the successor.

XVI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, **Citibank, N.A., Bank of America, N.A., J.P. Morgan Chase Bank, N.A., Interactive Brokers, LLC, Kraken (Payward, Inc.)** ("**Kraken**")**,** and **Gemini Trust Company, LLC** ("**Gemini**") (the "**Financial Entities**") or their subsidiaries, shall transfer the entire balance held in the following accounts, which were frozen pursuant to an Order of this Court dated August 12, 2019, and/or pursuant to a further Order of this Court dated August 26, 2019 (the "Frozen Bank Assets"), to the Commission:

| Entity | Acct. Number or Identifying Information: |
|---|---|
| Bank of America | XXXXXX3904 |
| Bank of America | XXXXXX3917 |
| Bank of America | XXXXXX1142 |
| Bank of America | XXXXXX7681 |
| Bank of America | XXXXXX7694 |
| Bank of America | XXXXXX7856 |
| Bank of America | XXXXXX7869 |
| Citibank | XXX1498 |
| Citibank | XXX1711 |
| Citibank | XXX1404 |
| Citibank | XXX1630 |
| Citibank | XXX1201 |
| Citibank | XXXXX4865 |
| Citibank | XXXXX2142 |
| JPMC | XXXXX7843 |
| JPMC | XXXXX5610 |

| JPMC | XXXXX3027 |
|---|---|
| JPMC | XXXXX8958 |
| Kraken | XXXXX5A7Q |
| Gemini | Account ID ending in 5247 |
| Interactive Brokers | XXXXX0423 |

In the case of digital assets in the above accounts held at Kraken and Gemini, Kraken and Gemini shall transfer the digital assets to Holland and Knight at an address provided by Holland and Knight within three days of being provided with such address. Holland and Knight shall provide Kraken and Gemini the address for delivery within three days of being served with this Final Judgment.

The Financial Entities may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. The Financial Entities also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment. The Commission shall hold the transferred Frozen Bank Assets, together with any interest and income earned thereon, for distribution with the Veritaseum Fair Fund, pending further order of the Court.

Upon the payments and transfers outlined above by the Financial Entities, all asset freeze obligations imposed upon the Financial Entities by the Court's orders of August 12, 2019 (DE 9), and August 26, 2019 (DE 51) shall terminate immediately.

XVII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the digital assets Defendants transmitted to the Independent Intermediary on August 21, 2019, pursuant to an Order of this Court dated August 12, 2019, and identified in Schedule A of the letter of Holland & Knight to the Court dated August 26, 2019 and filed August 29, 2019 (the "Frozen Digital Assets"), shall be addressed in the following manner:

a) All Frozen Digital Assets identified in Schedule A as "Ether" or "Bitcoin" are hereby turned over to Holland & Knight as Distribution Agent, for holding securely in escrow in accordance with paragraph X(b) above, pending further order of the Court.

b) All Frozen Digital Assets identified in Schedule A as "Veritaseum" shall be held permanently at their current blockchain address with no further transfers or distributions.

c) All Frozen Digital Assets identified in Schedule A as "Ve Gold G1," "VeGold K1," "VGLZ1," "VGLK1," "VSLK1," "VPMZ1," "VGLG1," or "VSLZ1," shall be returned to Defendants for cancellation or destruction within three days of receipt.

d) All other digital assets held by the Independent Intermediary shall be returned to the originating addresses.

XVIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Defendants knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to the Defendants, petition the Court for an order requiring Defendants to pay an additional civil penalty. In connection with any such petition and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Judgment or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the Commission may take discovery, including discovery from appropriate non-parties.

XIX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that each Consent to this Final Judgment of Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

XX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant Middleton, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Middleton under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Middleton of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

XXI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2019

_____
HONORABLE WILLIAM F. KUNTZ
UNITED STATES DISTRICT JUDGE

## APPENDIX A TO FINAL JUDGMENT

### The "Frozen Metals" Pursuant to Paragraph VIII

| Product Code | Product Description | Quantity |
|---|---|---|
| GB1PEWC | 1 OZ GOLD BAR AUSTRALIAN PERTHMINT WITH CERT | 13 |
| GB1VACWC | 1 OZ GOLD BULLION VACAMBI SUISSE WITH CERT | 239 |
| GBK49RC | 32.15 OZ GOLD BULLION ROYAL CANADIAN MINT KILO BAR | 5 |
| GB1GVA | 0.032151 OZ GOLD ONE GRAM VALCAMBI SUISSE BAR .9999 | 22 |
| GB50SBSVC | 50 GRAM GOLD VALCAMBI BAR SUISSE W/CERT 9999 COMBIBAR | 13 |
| SR1BU | 1 OZ SILVER BULLION BUFFALO* TYPE ROUND | 1089 |
| SBKGAS | 32.15 OZ SILVER KILO BAR ASAHI | 259 |
| SBKGOPM | 32.15 OZ SILVER OHIO PRECIOUS METALS KILO BAR | 6 |
| PDML1 | 1 OZ PALLADIUM CANADIAN MAPLE LEAF | 43 |