UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,     :

                           **Plaintiff,**     :      **19 Civ. 4625 (WFK) (RER)**

                          - against -     :      **ECF Case**

                                    :

REGINALD ("REGGIE") MIDDLETON,     :
VERITASEUM, INC., and     :
VERITASEUM, LLC,     :

                         **Defendants.**     :

------------------------------------------------------------------ x

## CONSENT OF DEFENDANT REGINALD MIDDLETON

1.    Defendant Reginald ("Reggie") Middleton ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    a.   permanently restrains and enjoins Defendant from violating: (i) Sections 5 and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e, 77q(a)]; and (ii) Sections 9(a)(2) and 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78$i$(a)(2), 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

    b.   prohibits Defendant from engaging in the offering of digital securities;

1

c. orders Defendant to pay, jointly and severally with defendants
Veritaseum, Inc. and Veritaseum, LLC, disgorgement of $7,891,600, plus
prejudgment interest thereon in the amount of $582,535, for a total of
$8,474,137, to be deemed satisfied in accordance with the provisions of
the Final Judgment;

d. orders Defendant to pay a civil penalty in the amount of $1,000,000 under
Section 20(d)(2) of the Securities Act [15 U.S.C. § 77t(d)(2)] and Section
21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], to be deemed
satisfied in accordance with the provisions of the Final Judgment;

e. orders that within 3 days after being served with a copy of the Final
Judgment, **Diamond State Depository, LLC, d/b/a International
Depository Services of Delaware** ("IDS"), as custodian of the precious
metals held in the name of defendant Veritaseum, LLC and/or Veritaseum
Assets, LLC, ordered frozen pursuant to Orders of this Court dated August
12, 2019 and August 26, 2019, and listed in Appendix A to the Final
Judgment (the "Frozen Metals"), shall transmit the Frozen Metals to a
vault in the name of the Commission, for sale of such Frozen Metals with
all proceeds from such sale to be transmitted to the Commission, and that
upon the transfer outlined above by IDS, all asset freeze obligations
imposed upon IDS by the Court's orders of August 12, 2019 (DE 9), and
August 26, 2019 (DE 51) shall terminate immediately;

2

f.   orders that any outstanding digital tokens attributable to the Frozen Metals created and held by Defendants or entities under their control shall be cancelled;

g.   orders the appointment of Holland & Knight LLP as the Distribution Agent for the Veritaseum fair fund described below ("Veritaseum Fair Fund"), and Miller Kaplan Arase LLP as the Tax Administrator for the Veritaseum Fair Fund; and

h.   orders that 3 days after being served with a copy of this Final Judgment, **Citibank N.A., Bank of America, N.A., JPMorgan Chase Bank, N.A., Interactive Brokers, LLC, Kraken (Payward, Inc.) ("Kraken"), and Gemini Trust Company, LLC ("Gemini") (the "Financial Entities")** or their subsidiaries, shall transfer the entire balance held in the following accounts, which were frozen pursuant to an Order of this Court dated August 12, 2019, and/or pursuant to a further Order of this Court dated August 26, 2019 (the "Frozen Bank Assets"), to the Commission:

| Entity | Acct. Number or Identifying Information: |
|---|---|
| Bank of America | XXXXXX3904 |
| Bank of America | XXXXXX3917 |
| Bank of America | XXXXXX1142 |
| Bank of America | XXXXXX7681 |
| Bank of America | XXXXXX7694 |
| Bank of America | XXXXXX7856 |
| Bank of America | XXXXXX7869 |
| Citibank | XXX1498 |
| Citibank | XXX1711 |

| Citibank | XXX1404 |
| --- | --- |
| Citibank | XXX1630 |
| Citibank | XXX1201 |
| Citibank | XXXXX4865 |
| Citibank | XXXXX2142 |
| JPMC | XXXXX7843 |
| JPMC | XXXXX5610 |
| JPMC | XXXXX3027 |
| JPMC | XXXXX8958 |
| Kraken | XXXXX5A7Q |
| Gemini | Account ID ending in 5247 |
| Interactive Brokers | XXXXX0423 |

In the case of digital assets in the above accounts held at Kraken and Gemini, Kraken and Gemini shall transfer the digital assets to Holland and Knight at an address provided by Holland and Knight within three days of being provided with such address. Holland and Knight shall provide Kraken and Gemini the address for delivery within three days of being served with this Final Judgment.

The Financial Entities may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. The Financial Entities also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

4

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action

number, and name of this Court; and specifying that payment is made

pursuant to this Final Judgment, and that upon the payments and transfers

outlined above by the Financial Entities, all asset freeze obligations

imposed upon the Financial Entities by the Court's orders of August 12,

2019 (DE 9), and August 26, 2019 (DE 51) shall terminate immediately;

and

i.   orders that the digital assets Defendants transmitted to the Independent

Intermediary on August 21, 2019, pursuant to an Order of this Court dated

August 12, 2019, and identified in Schedule A of the letter of Holland &

Knight to the Court dated August 26, 2019 and filed August 29, 2019 (the

"Frozen Digital Assets"), shall be addressed in the following manner:

  i.   All Frozen Digital Assets identified in Schedule A as "Ether" or

  "Bitcoin" are hereby turned over to Holland & Knight as

  Distribution Agent, for holding securely in escrow in accordance

  with paragraph X(b) above, pending further order of the Court;

  ii.  All Frozen Digital Assets identified in Schedule A as

  "Veritaseum" shall be held permanently at their current blockchain

  address with no further transfers or distributions;

  iii. All Frozen Digital Assets identified in Schedule A as "Ve Gold

  G1," "VeGold K1," "VGLZ1," "VGLK1," "VSLK1," "VPMZ1,"

5

"VGLG1," or "VSLZ1," shall be returned to Defendants for

cancellation or destruction within three days of receipt; and

iv. All other digital assets held by the Independent Intermediary shall

be returned to the originating addresses.

3.       Defendant acknowledges that the civil penalty paid pursuant to the Final

Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the

civil penalty shall be treated as a penalty paid to the government for all purposes, including all

tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall

not, after offset or reduction of any award of compensatory damages in any Related Investor

Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to,

nor shall he further benefit by, offset or reduction of such compensatory damages award by the

amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If

the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he

shall, within 30 days after entry of a final order granting the Penalty Offset, notify the

Commission's counsel in this action and pay the amount of the Penalty Offset to the United

States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be

deemed an additional civil penalty and shall not be deemed to change the amount of the civil

penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action"

means a private damages action brought against Defendant by or on behalf of one or more

investors based on substantially the same facts as alleged in the Complaint in this action.

4.       Defendant agrees that he shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors. Defendant further

agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground,

if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

of its terms and conditions. Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that he is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

8

the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action. For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

*(Remainder of page intentionally left blank.)*

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _September 19, 2019_

_REGINALD MIDDLETON_ .
REGINALD MIDDLETON

On _September 19_, 2019, Reginald Middleton, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
David Kornblau, Esq.
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018

Attorneys for Defendant Reginald Middleton

MICHELLE R. JULIAN
Notary Public of New York
I.D. # 01JU6185370
Qualified in New York County
My Commission Expires June 26, 2020