UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SECURITES AND EXCHANGE COMMISSION,  :
  :
                              Plaintiff,  :      19 Civ. 4625 (WFK) (RER)
  :
              - against -  :      ECF Case
  :
REGINALD ("REGGIE") MIDDLETON,  :
VERITASEUM, INC., and  :
VERITASEUM, LLC,  :
  :
                          Defendants,  :
  :
---------------------------------------------------------------x

## CONSENT OF DEFENDANT VERITASEUM, INC.

1. Defendant Veritaseum, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    a. permanently restrains and enjoins Defendant from violating (i) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; (ii) Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q]; and (iii) Section 5 of the Securities Act [15 U.S.C. § 77e];

    b. prohibits Defendant from engaging in the offering of digital securities;

1

c. orders Defendant jointly and severally liable for disgorgement of $7,891,600, representing certain profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $582,535, for a total of $8,474,137, to be deemed satisfied in accordance with the provisions of the Final Judgment;

d. orders that within 3 days after being served with a copy of this Final Judgment, **Diamond State Depository, LLC, d/b/a International Depository Services of Delaware** ("IDS"), as custodian of the precious metals held in the name of Defendant Veritaseum, LLC and/or Veritaseum Assets, LLC, ordered frozen pursuant to Orders of this Court dated August 12, 2019 and August 26, 2019, representing certain profits gained as a result of the conduct alleged in the Complaint, and listed in Appendix A to the Final Judgment (the "Frozen Metals"), shall transmit the Frozen Metals to a vault in the name of the Commission, for sale of such Frozen Metals with all proceeds from such sale to be transmitted to the Commission, and that upon the transfer outlined above by IDS, all asset freeze obligations imposed upon IDS by the Court's orders of August 12, 2019 (DE 9), and August 26, 2019 (DE 51) shall terminate immediately;

e. orders that any outstanding digital tokens attributable to the Frozen Metals created and held by Defendants or entities under their control shall be cancelled;

f.  orders the appointment of Holland & Knight LLP as the Distribution Agent for the Veritaseum Fair Fund, and Miller Kaplan Arase LLP as the Tax Administrator for the Veritaseum Fair Fund; and

g.  orders that 3 days after being served with a copy of this Final Judgment, **Citibank, Bank of America, J.P. Morgan Chase, Interactive Brokers, LLC, Kraken (Payward, Inc.),** and **Gemini Trust Company, LLC** (the "Financial Entities") or their subsidiaries, shall transfer the entire balance held in the following accounts, which were frozen pursuant to an Order of this Court dated August 12, 2019, and/or pursuant to a further Order of this Court dated August 26, 2019 (the "Frozen Bank Assets"), to the Commission:

| Entity | Acct. Number or Identifying Information: |
|---|---|
| Bank of America | XXXXXX3904 |
| Bank of America | XXXXXX3917 |
| Bank of America | XXXXXX1142 |
| Bank of America | XXXXXX7681 |
| Bank of America | XXXXXX7694 |
| Bank of America | XXXXXX7856 |
| Bank of America | XXXXXX7869 |
| Citibank | XXX1498 |
| Citibank | XXX1711 |
| Citibank | XXX1404 |
| Citibank | XXX1630 |
| Citibank | XXX1201 |
| Citibank | XXXXX4865 |
| Citibank | XXXXX2142 |
| JPMC | XXXXX7843 |

| JPMC | XXXXX5610 |
|---|---|
| Kraken | XXXXX5A7Q |
| Gemini | Account ID ending in 5247 |
| Interactive Brokers | XXXXX0423 |

In the case of digital assets in the above accounts held at Kraken and Gemini, Kraken and Gemini shall transfer the digital assets to Holland and Knight at an address provided by Holland and Knight within three days of being provided with such address. Holland and Knight shall provide Kraken and Gemini the address for delivery within three days of being served with this Final Judgment.

The Financial Entities may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission's website at http://www.sec.gov/about/offices/ofm.htm. The Financial Entities also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment, and that upon the payments and transfers

outlined above by the Financial Entities, all asset freeze obligations imposed upon the Financial Entities by the Court's orders of August 12, 2019 (DE 9), and August 26, 2019 (DE 51) shall terminate immediately; and

h. orders that the digital assets Defendants transmitted to the Independent Intermediary on August 21, 2019, pursuant to an Order of this Court dated August 12, 2019, and identified in Schedule A of the letter of Holland & Knight to the Court dated August 26, 2019 and filed August 29, 2019 (the "Frozen Digital Assets"), shall be addressed in the following manner:

  i. All Frozen Digital Assets identified in Schedule A as "Ether" or "Bitcoin" are hereby turned over to Holland & Knight as Distribution Agent, for holding securely in escrow in accordance with paragraph X(b) above, pending further order of the Court;

  ii. All Frozen Digital Assets identified in Schedule A as "Veritaseum" shall be held permanently at their current blockchain address with no further transfers or distributions;

  iii. All Frozen Digital Assets identified in Schedule A as "Ve Gold G1," "VeGold K1," "VGLZ1," "VGLK1," "VSLK1," "VPMZ1," "VGLG1," or "VSLZ1," shall be returned to Defendants for cancellation or destruction within three days of receipt; and

  iv. All other digital assets held by the Independent Intermediary shall be returned to the originating addresses.

3. Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

*(Remainder of page intentionally left blank.)*

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: September 19, 2019

VERITASEUM, INC.

By: _____
Reginald Middleton
Chief Executive Officer
1460 Broadway
New York, New York 10036

On September 19, 2019, [ Reginald Middleton ], a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Veritaseum, Inc. as its Chief Executive Officer.

_____
Notary Public
Commission expires: June 28, 2020

Approved as to form:

_____
David Kornblau, Esq.
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018

Attorneys for Defendant Veritaseum, Inc.

MICHELLE R. JULIAN
Notary Public of New York
I.D. # 01JU6185370
Qualified in New York County
My Commission Expires June 28, 2020