**KENNYHERTZ PERRY**
ATTORNEYS AT LAW

July 10, 2025

**VIA ECF:**

The Honorable William F. Kuntz, II
United States District Court for the Eastern District of New York
225 Cadman Plaza East Brooklyn, NY 11201

    RE:    *SEC v. Middleton et al.*, Case No. 19-cv-4625
              **VeriDAO's Supplemental Brief of Amicus Curiae in Support of Defendants' FRCP 60(d)(3) Motion to Vacate Order for Fraud Upon the Court**

Dear Judge Kuntz,

    VeriDAO is mindful that supplemental amicus curiae filings are uncommon and must be approached with caution, particularly at the post-briefing stage. However, VeriDAO is compelled to inform the Court that new, critical evidence has come to light as of yesterday, July 9, 2025, which simply cannot be ignored. Specifically, VeriDAO received correspondence yesterday from the Securities and Exchange Commission ("SEC"), which contained previously withheld FOIA materials responsive to the heart of the issues raised in Defendants' motion in this matter.

    The SEC's July 9, 2025, production includes documents the SEC possessed as early as May of 2018 that *directly refute the SEC's assertions offered to this Court more than a year later in support of its TRO and fatally undermine the arguments the SEC continues to make today*. In light of the exceptional circumstances and newly obtained evidence, which have only come to light within the last twenty-four hours, VeriDAO prays that the Court will accept this letter as VeriDAO's supplemental brief of amicus curiae in support of Defendants' FRCP 60(d)(3) motion to vacate order for fraud upon the Court.

    **I.   New FOIA Records Confirm the SEC Possessed Kraken Account Records in 2018.**

    On July 9, 2025, a member of VeriDAO received correspondence from the SEC regarding 5 U.S.C. § 552 Freedom of Information Act ("FOIA") Requests previously submitted to the SEC in relation to this matter ("Biethman SEC FOIA requests"). *See* Exhibit A, Supplemental Declaration of Michael Biethman, dated July 9, 2025 ("Biethman Supp. Decl."), ¶ 4. Contained within that correspondence were two attachments: (1) a letter to Michael Biethman from Aaron Taylor, the SEC's FOIA Branch Chief, and (2) 19 pages of records, largely containing correspondence between Kraken representatives, and SEC Attorneys Jorege Tenreiro and Victor Suthammnot. See Biethman Supp. Decl. ¶¶ 5-7; Biethman Supp. Decl. Exhibits B and C.

    Mr. Taylor's letter concluded a nearly ten-month effort by VeriDAO to obtain materials related to the SEC's communications and subpoenas issued to Kraken (Payward Inc. and Payward Ventures Inc.) concerning the SEC's investigation of Defendants in this matter. The letter confirms that the 19 pages of records produced to VeriDAO on July 9, 2025, were only now produced after

**KENNYHERTZ PERRY**
ATTORNEYS AT LAW

July 10, 2025

the SEC had previously denied the existence of such records or had withheld documents under asserted exemptions. In fact, Mr. Taylor's letter demonstrates that is only due to VeriDAO's persistence–not as part of the SEC's duty of candor in this judicial process–that these records were finally brought to light.

Those records, referred to by the SEC as "25-00016-REMD Enclosure," prove definitively, for the first time, that Mr. Tenreiro and Mr. Suthammnot received and were in possession of Kraken records as early as May 31, 2018, demonstrating that the Kraken Account was unequivocally owned by Veritaseum LLC, not Mr. Middleton. Further, those records demonstrate that the SEC's attorneys corresponded with Kraken several times prior to the August 12, 2019, hearing, and had long had in their possession a thumb drive of records which disprove misleading arguments the SEC continues to make to this day. This newly acquired evidence reveals a plain and deeply troubling truth: *the SEC knew for over a year that the "evidence" it would eventually offer before this Court was knowingly false*.

## II.    The SEC's Opposition to Defendants' Motion Doubles Down on Fiction.

In its June 20, 2025, opposition to Defendants' motion, the SEC asserts that Defendants' claims of misconduct are "baseless", "meritless", and "insufficient on their face." The SEC dismisses the core of Defendants' allegations and implies that the factual record, despite being riddled with contradictions, evasions, and belated "clarifications", somehow support the SEC's integrity. It is clear now that the SEC's position is not merely disingenuous–it is demonstrably false.

The SEC's July 9, 2025, correspondence and production of records, compelled by years of FOIA resistance and ultimately remanded by the SEC's own Office of the General Counsel, confirms these records are authentic government documents admissible under Fed. R. Evid. 803(8), and that the SEC possessed and suppressed evidence that unequivocally showed the Kraken Account was held in the name of Veritaseum LLC, not Reginald Middle personally. This fact was directly at odds with the misrepresentations made by Mr. Tenreiro and Mr. Suthammnot to this Court on August 12, 2019, and the SEC's prior filings.

Mr. Tenreiro and Mr. Suthammnot's above misrepresentations are particularly unsettling, given that we have just learned for the first time that Mr. Tenreiro and Mr. Suthammnot corresponded *directly* with Kraken regarding the truth of the Kraken Account, owned by Veritaseum LLC 15 months earlier. And yet, despite this knowledge, Mr. Tenreiro and Mr. Suthammnot filed sworn declarations and argued in open court that Mr. Middleton was dissipating investor funds into his alleged personal account.

It should not go unnoticed that the SEC not only committed fraud upon the Court in 2019, but continues to do so to this day. The SEC's opposition to Defendants' motion insists that Rule 60(d)(3) relief is unavailable because "Defendants admit they entered into the 2019 Consent

2

**KENNYHERTZ PERRY**
ATTORNEYS AT LAW

July 10, 2025

Judgment knowing *essentially* all of the *supposedly fraudulent acts* of which [Defendants] now complain." However, we now know without question that this is merely a continued effort to mislead this Court.

The ultimate fact is the SEC's counsel did not learn the truth in this matter after the TRO and asset freeze were obtained in this case. The SEC had the truth in its hands for more than a year before it requested judicial intervention. What's worse, they never corrected the record and continue to refuse to do so. While VeriDAO initially advocated that the Court hold an evidentiary hearing on this matter, VeriDAO believes the newly disclosed evidence alone establishes fraud upon the Court warranting vacatur. However, to the extent the Court deems necessary, VeriDAO respectfully requests, in the alternative, that the Court convene an evidentiary hearing to fully address these issues. We now know what the SEC knew, and when they knew it. Accordingly, the underlying order must be vacated.

**III.    Fraud Should Not Be Rewarded.**

What emerges from VeriDAO's FOIA efforts is simply not close to an evidentiary question, it is confirmation that the SEC and its counsel knowingly presented false evidence to this Court to obtain extraordinary relief and remained committed to that deception for six years at Mr. Middleton's expense. This case is precisely what Rule 60(d)(3), *Hazel-Atlas, Pumphrey,* and *DebtBox* condemn: government attorneys abusing the trust of the judiciary to gain a strategic advantage, unlawfully seize assets, and pressure settlement.

VeriDAO respectfully urges this Court to vacate the order and consent judgment in this matter, to restore integrity to the judicial process, and ensure that our government is held to the standard it demands of others.

Respectfully submitted,

*/s/ Seth C. McCauley*
Seth C. McCauley (admitted pro hac vice)
Kennyhertz Perry, LLC
2000 Shawnee Mission Parkway, Ste. 210
Mission Woods, KS 66205
Phone: 816-527-9447
Fax: 855-844-2914
seth.mccauley@kennyhertzperry.com
*Attorneys for VeriDAO*