**KENNYHERTZ PERRY**
ATTORNEYS AT LAW

July 14, 2025

**VIA ECF:**

The Honorable William F. Kuntz, II
United States District Court for the Eastern District of New York
225 Cadman Plaza East Brooklyn, NY 11201

    RE:    *SEC v. Middleton et al.*, Case No. 19-cv-4625
              VeriDAO's Final Reply in Support of Defendants' FRCP 60(d)(3)
              Motion to Vacate Order for Fraud Upon the Court

Dear Judge Kuntz,

        VeriDAO has received and reviewed the SEC's July 14, 2025, response to VeriDAO's July 10, 2025, supplemental letter brief to the Court. In light of the same, it appears that there are some misunderstandings and continued mischaracterizations that must be addressed. As such, VeriDAO offers this letter as its final reply on the matter.

        As a preliminary issue, the SEC's July 14, 2025, letter makes multiple references to Defendants' "Rule 60(b) motion." For clarity purposes, with the belief that the SEC made such references inadvertently, Defendants' motion is grounded in Rule 60(d)(3) and is in no way related to Rule 60(b).

        Additionally, in its letter, the SEC does not deny knowing the true ownership of the Kraken Account as early as August 8, 2018, as page 14 of Docket Entry No. 126-1 shows. Rather, the SEC argues instead that VeriDAO's submission merely fails to point out that page. Page 14 of Docket Entry No. 126-1 demonstrates a reply from Kraken on July 26, 2018, identifying **one** account responsive to the SEC's subpoena. That same page shows a packet of information was received by the SEC responsive to that subpoena on August 9, 2018. These events, when reviewed in conjunction with Docket Entry No. 6 and Docket Entry No. 43, illustrate that the one Kraken Account offered to the Court by the SEC as evidence in support of the SEC's TRO was already known by the SEC to be owned by Veritaseum LLC. Notwithstanding the same, every document and argument submitted to support the asset freeze on August 12, 2019, states that same Kraken Account was the personal account of Mr. Middleton in order to create a false emergent scenario to support the extraordinary relief granted by Judge Hall.

        Lastly, to the extent that SEC continues to maintain its position that the SEC "corrected the record", by virtue of Mr. Doody's supplemental declaration regarding the Kraken Account, VeriDAO reiterates prior argument made by Defendants on this matter. *See* D.E. 43 ¶ 13. To be clear, there has never been a correction to the record by the SEC, or any amendment to any of its filings in support of the TRO or asset freeze, that demonstrates a clarification to the Court the SEC had known the true ownership of the Kraken Account long before August 12, 2019.



July 14, 2025

In the event this Court is not satisfied that the SEC's own documents do not provide dispositive proof, when combined with the record that the SEC knew the truth of account ownership on or before August 12, 2019, and specifically withheld that truth from the Court while fabricating ownership, then an evidentiary hearing should certainly be had in this matter.

Respectfully submitted,

*/s/ Seth C. McCauley*
Seth C. McCauley (admitted pro hac vice)
Kennyhertz Perry, LLC
2000 Shawnee Mission Parkway, Ste. 210
Mission Woods, KS 66205
Phone: 816-527-9447
Fax: 855-844-2914
seth.mccauley@kennyhertzperry.com
*Attorneys for VeriDAO*

cc:     All Counsel of Record