

July 25, 2025

<u>By ECF</u>

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   RE: SEC v. Reginald Middleton, et al., No. 19 Civ. 4625 (WFK) (VMS)
    The court should compel the Securities and Exchange Commission to provide all
    documents related to the accounting and publish (via PACER).

Dear Judge Scanlon:

   As the court is aware, Judge Kuntz, II denied the Rule 60 motion to vacate. That
triggered a due date for objections to filing at 14 days after disposition, which Defendants
calculate to be July 28, 2025. As the court is also aware, Ms. Moon for the Commission recently
appeared *pro hac* and informed me that she will be handling the matter of the accounting as Ms.
Pappas recently retired. As a matter of professional courtesy, I asked Ms. Moon if she would like
to take a bit of time to get up to speed. She declined. I asked Ms. Moon if she would like to
discuss some concerns I had relative to the objections. She declined stating that she was ready to
proceed to briefing.

   I then informed Ms. Moon that I would be filing a motion to compel so that missing
pages from the consolidated accounting would be provided, that quarterly accounting documents
were missing from the status reports despite the court's order (D.E. 61) that they be included,
and that the consolidated accounting should be published so that relevant parties, like those that
the Fair Fund were intended to benefit, might have the opportunity to review and object as well.

   At this point, Ms. Moon requested I inform her what documents were missing, which,
frankly, is impossible as Defendants have no idea what documents were withheld and what
information was not provided. Attached to this letter as exhibit is the proposed motion, order,
and accounting that Ms. Moon provided via email just the other day and it is clear that there are
pages missing from the exhibits. A cursory review of the quarterly status reports show that there
is no accounting information despite court order to provide it. A cursory review of any of the
information shows that the Commission failed to provide any deduction for legitimate business
expenses as required by *SEC v. Liu*.

   As it is clear that information that would allow the Defendants to actually evaluate the
accounting is missing, and that publication to the public for review has not occurred, and that
Ms. Moon's last communication to me was that she was "considering [my] comments" while
requesting I tell her what's missing, it seems that it would be appropriate for the court to consider

ordering the Commission to provide all relevant information pertaining to the accounting, as already ordered by the court, and to delay the briefing schedule until such time as the information is provided and the parties and the public have the opportunity to review.

Respectfully submitted,

s/ Franklin Jason Seibert
Franklin Jason Seibert
Seibert Law
*Pro Hac Vice*, ECF Order (103)
971-235-5764, jason@seibert-law.com

cc: all parties and counsel on the docket (via ECF)