# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | **19 Civ. 4625 (WFK) (RER)** |
| | : | |
| -against- | : | **Plaintiff's Notice of Motion and** |
| | : | **Motion for an Order Approving** |
| **REGINALD ("REGGIE") MIDDLETON,** | : | **the Consolidated Final** |
| **VERITASEUM, INC., AND VERITASEUM, LLC,** | : | **Accounting Report, Discharging** |
| | : | **the Distribution Agent,** |
| **Defendants.** | : | **Terminating the Fair Fund,** |
| | : | **and Related Relief** |

**PLEASE TAKE NOTICE** that Plaintiff Securities and Exchange Commission (the "SEC") will move this Court, at a date and time to be determined by the Court, before the Honorable William F. Kuntz, II, at the United States Courthouse for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York 11722, for an Order:

1. Approving the Consolidated Final Accounting Report on the Cash Basis (the ""CFAR") attached as Exhibit 1 to the accompanying Memorandum (the "Memorandum");

2. Discharging the Distribution Agent.

3. Terminating the Veritaseum Fair Fund; and

4. Directing the SEC to remit any remaining funds, and any funds returned to the Veritaseum Fair Fund in the future, to the general fund of the U.S. Treasury, subject to Section 21F(g)(3) of the Securities Exchange Act of 1934 [15 U.S. Code § 78u-6(g)(3)];

## MOTION

The SEC respectfully requests that the Court enter an Order approving the CFAR; discharging the Distribution Agent; terminating the Veritaseum Fair Fund; and directing the SEC to remit all funds remaining in the Veritaseum Fair Fund, and any funds returned to the Veritaseum Fair Fund in the future, to the general fund of the U.S. Treasury, subject to Section 21F(g)(3) of the Securities Exchange Act of 1934 [15 U.S. Code § 78u-6(g)(3)].

**WHEREFORE,** for all the reasons set forth in the Memorandum, supported by the exhibits thereto, the SEC respectfully requests that this Court enter the proposed Order and grant such other relief as it deems just and proper.


Dated:   January 22, 2025

Respectfully submitted,


/s/ Catherine E. Pappas
Catherine E. Pappas (PA Bar No. 56544)
*Pro Hac Vice*, ECF docket entry 11/25/2024
Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION
One Penn Center
1617 JFK Blvd., Ste. 520
Philadelphia, Pa.  19103
Tel:  215-597-0657
Fax:  215-597-2740
pappasc@SEC.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 22, 2025 I served the foregoing status report upon the ECF registered parties to this matter through the CM/ECF system, and by first class mail to Reginald Middleton at his last known address.


<u>/s/Catherine E. Pappas</u>
Catherine E. Pappas

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| REGINALD ("REGGIE") MIDDLETON, | : |
| VERITASEUM, INC., AND VERITASEUM, LLC, | : |
| | : |
| Defendants. | : |
| | : |

19 Civ. 4625 (WFK) (RER)

_____

**[PROPOSED] ORDER APPROVING THE CONSOLIDATED FINAL ACCOUNTING REPORT, DISCHARGING THE DISTRIBUTION AGENT, TERMINATING THE FAIR FUND, AND RELATED RELIEF**

The Court has reviewed the Securities and Exchange Commission's ("SEC") Notice of Motion and Motion for an Order approving the Consolidated Final Accounting Report, Discharging the Distribution Agent, Terminating the Veritaseum Fair Fund, Discharging the Distribution Agent, and Related Relief (the "Motion"); the accompanying memorandum (the "Memorandum") and its attached Exhibits:  the Consolidated Final Accounting Report on the Cash Basis (the "CFAR") and the declaration of the Distribution Agent; and any other papers filed in connection with the Motion;

**AND** has found good cause shown,

**IT IS HEREBY ORDERED:**

1.    The Motion is **GRANTED;**

2.    The CFAR is **APPROVED**;

3.    The Distribution Agent s **DISCHARGED**;

4.    The Veritaseum Fair Fund is **TERMINATED**; and

5.      The SEC shall remit any funds remaining in the Veritaseum Fair Fund, and any

funds returned to the Veritaseum Fair Fund in the future, to the general fund of

the U.S. Treasury, subject to Section 21F(g)(3) of the Securities Exchange Act of

1934 [15 U.S. Code § 78u-6(g)(3)].

**IT IS SO ORDERED**.


DATED: _____, 2025
Brooklyn, New York

_____
The Honorable William F. Kuntz, II
U.S. District Court Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

|   |   |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| | : |
| **Plaintiff,** | :    **19 Civ. 4625 (WFK) (RER)** |
| | : |
| **-against-** | : |
| | : |
| **REGINALD ("REGGIE") MIDDLETON,** | : |
| **VERITASEUM, INC., AND VERITASEUM, LLC,** | : |
| | : |
| **Defendants.** | : |
| | : |

_____

**MEMORANDUM IN SUPPORT OF MOTION FOR AN ORDER APPROVING THE
CONSOLIDATED FINAL ACCOUNTING REPORT, DISCHARGING THE
<u>DISTRIBUTION AGENT, TERMINATING THE FAIR FUND, AND RELATED RELIEF</u>**

Dated:  January 22, 2025

SECURITIES AND EXCHANGE COMMISSION
Catherine E. Pappas (PA Bar No. 56544)
*Pro Hac Vice*, ECF docket entry 11/25/2024
Attorney for Plaintiff
One Penn Center
1617 JFK Blvd., Ste. 520
Philadelphia, Pa.  19103
Tel:  215-597-0657
Fax:  215-597-2740
pappasc@SEC.gov

## **TABLE OF CONTENTS**

I.      **INTRODUCTION**................................................................................................ 1

II.     **BACKGROUND** ................................................................................................. 1

III.    **THE CLAIMS PROCESS**................................................................................... 2

IV.     **THE DISTRIBUTION**........................................................................................ 4

V.      **THE DISTRIBUTION IS COMPLETE AND ENTRY OF THE ORDER, AS PROPOSED, IS APPROPRIATE** ........................................................................ 6

      A.  **The CFAR Should be Approved**.............................................................. 6

      B.  **The Distribution Agent Should be Discharged and the Fair Fund Terminated** ... 6

      C.  **The Residual, and Any Funds Returned to the Fair Fund in the Future, Should be Directed to the U.S. Treasury.** ........................................ 7

VI.     **CONCLUSION** .................................................................................................. 9

## **TABLE OF AUTHORITIES**

### **Cases**

*Liu v. SEC*, 591 U.S. 71 (2020)...........................................................................................7

*SEC v. Ahmed*, 72 F.4th 379, 395-96 (2d Cir. 2023).........................................................8

*SEC v. Buck*, No. 1:17-cv-3984 (JRS) ECF 17 (S.D. Ind. April 22, 2021) ......................8

*SEC v. Haddad, et al.*, No. 3:18-cv-55 (KAD) ECF 29 (D. Conn. Aug. 27, 2021).......................8

*SEC v. Kon*, No. 1:21-cv-24320 (RKA) ECF 35, 2022 WL 17583635 (S.D. Fla. Aug. 22, 2022) 8

*SEC v. Macquarie Capital (USA), Inc., et al.*, No. 1:15-cv-2304 (DLC) ECF 37 (S.D.N.Y. July 20, 2021)....................................................................................................................8

*SEC v. Murray, et al.*, No. 3:12-cv-1288 (EMC) ECF 239 (N.D.Ca. Oct. 23, 2023)....................8

*SEC v. Nortel Networks Corp., et al.*, No. 1:07-cv-8851 (LAP) ECF 114 (S.D.N.Y. July 2, 2021) ......................................................................................................................................8

*SEC v. O'Brien*, 674 F. Supp.3d 85, 2023 WL 3645205, at *13 (S.D.N.Y. May 25, 2023*)* ..........8

*SEC v. Spartan Secs. Gr., Ltd.*, 620 F. Supp. 3d 1207 (M.D. Fla. 2022) ......................................8

*SEC v. Symbol Technologies, Inc., et al.*, No. 2:04-cv-2276 (JMA) ECF 400 (E.D.N.Y. Aug. 15, 2022)..................................................................................................................................8

### **Statutes**

Section 21F(g)(3) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-6(g)(3)......... 1, 7, 8, 9

Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, codified at 15 U.S.C. § 78u(d)(7).................................................................................8

I.        **INTRODUCTION**

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this memorandum in support of its motion for an order approving the Consolidated Final Accounting Report on the Cash Basis attached as Exhibit 1 (the "CFAR"); discharging the court-appointed distribution agent (the "Distribution Agent"); terminating the Veritaseum Fair Fund; and directing the SEC to remit any remaining funds, and any funds returned to the Veritaseum Fair Fund in the future, to the general fund of the U.S. Treasury, subject to Section 21F(g)(3) of the Securities Exchange Act of 1934 [15 U.S. Code § 78u-6(g)(3)] (the "Motion").  The Distribution Agent has executed the Court-approved claims process (the "Claims Process") and has completed all distributions under the Court-approved distribution plan (the "Plan").[1]  All Administrative Costs[2] have been paid, and all Eligible Claimants have been compensated in full for their Total Loss Amount plus Reasonable Interest.  The relief requested, if granted, will close the distribution in this matter.

II.       **BACKGROUND**

On August 12, 2019, the SEC commenced an action against Reginald Middleton ("Middleton"), Veritaseum, Inc., and Veritaseum, LLC (collectively, the "Defendants") (the "Civil Action"). The SEC alleged that, beginning on April 25, 2017, the Defendants fraudulently raised approximately $14.8 million from the unregistered sales of digital securities called "VERI" based on a series of false and misleading statements to potential and actual investors, including misrepresentations about the potential profitability and viability of Veritaseum's purported operations, the use of funds raised in the VERI initial coin offering ("VERI ICO"), and the amount of funds raised in the VERI ICO.  *See* ECF No. 1 ¶ 1. The SEC further alleged that, after the VERI initial coin offering ("ICO"), Middleton placed

---

[1] ECF Nos. 77,78, 78-2, 82.
[2] Capitalized terms not defined in this memorandum are used as defined in the Plan and/or the Claims Process.

manipulative VERI trades on a digital exchange, artificially increasing its price, and publicly touting the price increases. *Id*. at ¶ 2. Upon the SEC's motion, the Court issued a Temporary Restraining Order freezing the Defendants' assets and appointing an Independent Intermediary to take control of all digital assets controlled by the Defendants. *See* ECF. No. 9.

On November 1, 2019, with the Defendants' consent, the Court entered final judgment against the Defendants (the "Final Judgment"). In the Final Judgment, the Court ordered all Defendants to pay disgorgement of $7,891,600 and prejudgment interest of $582,535, ordered Middleton to pay a civil penalty of $1,000,000, and required the turnover of certain identified metals, bank assets, and digital assets in full satisfaction of the monetary relief. ECF No. 61, Section VII. The Defendants turned over the identified assets. The Court further created the Veritaseum Fair Fund (the "Fair Fund") pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246(a), so that all the collected assets could be distributed to harmed investors. *Id.* Finally, in the Final Judgment, the Court appointed Holland & Knight, LLP, as Distribution Agent for the Fair Fund to, among other things, oversee the administration and distribution of the Fair Fund to harmed investors and Miller Kaplan Arase LLP as Tax Administrator to fulfil the tax obligations of the Fair Fund. *Id*. at X., XI.

By Order entered February 17, 2021, the Court approved the Claims Process and the Plan. ECF No. 82. As further discussed below, the Distribution Agent has executed the Claims Process and has completed all distributions under the Plan. The SEC now respectfully requests that the Court enter an Order substantially in the form accompanying the Motion, terminating the distribution in this matter.

## III.     THE CLAIMS PROCESS

On or about February 17, 2021, the Distribution Agent published a Claims Process Notice substantially in the form attached as Exhibit A to the Claims Process. Declaration of Distribution Agent in Support of the Motion ("Declaration"), attached as Exhibit 2, at ¶ 3. The

Distribution Agent published the Claims Process Notice on the Fair Fund website (www.verifairfund.com); the SEC website (https://www.sec.gov/enforcement/information-for-harmed-investors/reginald-middleton); PRNewswire; and on cryptocurrency and online publications and forums including CoinTelegraph, CoinDesk, Facebook, and Reddit. Declaration ¶ 3. The Distribution Agent also sent the Claims Process Notice by electronic or U.S. Mail to investors who provided contact information to the Distribution Agent. *Id*. To ensure that all potentially eligible investors had notice of the Claims Process, the Distribution Agent extended the Bar Date for claims and published the Claims Process Notice or some shortened form of the same in additional publications, including www.verifairfund.com. Declaration ¶ 4.

Through the (extended) Bar Date, the Distribution Agent received a total of 195 claims. A portion of the claims were initially deficient, as some claimants failed to: (1) supply sufficient information to demonstrate control over their claimed wallet address, (2) adequately establish the cost basis of their claim, (3) supply adequate tax information; and/or (4) submitted duplicate claims. Declaration ¶ 5. In accordance with the Claims Process Section V.A., the Distribution Agent informed claimants of deficiencies and its preliminary acceptance or denial of their claim and provided to the claimants multiple opportunities to cure deficiencies and seek reconsideration of their claim. *Id*. The Distribution Agent worked with claimants to obtain sufficient documentation to cure any claim defects. *Id*.

After the review of additional documentation submitted, the Distribution Agent accepted 137 claims, and rejected 58 claims. Declaration ¶ 6. Of the claims rejected, 8 claims were rejected as duplicate submissions and, notwithstanding multiple chances to supplement their submissions: 16 claimants failed to supply necessary tax information, 23 claimants failed to

3

prove control over claimed wallet addresses, 3 claimants failed to establish the cost basis of their claimed purchases or that they were not an Excluded Claimant, and 8 claimants failed to specify their wallet addresses in their claims.  *Id*.

In accordance with Section V.C. of the Claims Process, on or about September 25, 2022, the Distribution Agent sent Final Determination Notices to all claimants.  *Id*.

## IV.    **THE DISTRIBUTION**

The Distribution Agent has since completed the distribution in accordance with the Plan. In accordance with Section VI of the  Plan, upon the completion of the Claims Process, the Distribution Agent engaged Eisner Advisory Group, LLC to perform a Third-Party Review. Declaration ¶ 7.  Upon completion of that review, the Distribution Agent, in consultation with the Tax Administrator, established a $350,081.00 reserve for fees, expenses, and taxes (the "Reserve").   As of March 31, 2023, or the date of calculations, the Fair Fund held $14,113,096.87.  Declaration ¶¶ 8, 9.  After subtracting the Reserve, the Net Available Fair Fund held $13,763,015.87.  Declaration ¶ 9.

In accordance with paragraph A.3. of the Distribution Plan, the Distribution Agent determined 34 accepted claims ineligible for a Distribution Payment because their Total Loss Amounts were less than $10.  The Distribution Agent determined 103 of the accepted claims to be eligible for a Distribution Payment, and the underlying claimants to be Eligible Claimants. Declaration ¶ 10.

The Distribution Agent calculated the aggregate Total Loss Amount for the 103 Eligible Claimants to be $10,405,442.24.  Declaration ¶ 11.  In accordance with Section V.G. of the Plan, and because the Net Available Fair Fund had funds in excess of that necessary to pay each Eligible Claimant a Distribution Payment equal to the amount of their Total Loss Amount, the

Distribution Agent prepared a Payment File for the distribution of $10,840,389.72 to harmed investors, comprised of the $10,405,442.24 aggregate Total Loss Amount and $434,947.48 in Reasonable Interest. Declaration ¶ 12.

Pursuant to Section VII.E of the Distribution Plan, the Distribution Agent submitted to the SEC staff, and the SEC staff accepted, the Payment File and a Reasonable Assurances Letter. At the SEC staff's direction, $10,840,389.72 was transferred from an SEC-designated account at the U.S. Treasury to the Distribution Agent's Escrow Account at The Huntington National Bank for distribution to Eligible Claimants. Declaration ¶ 13.

Beginning on April 21, 2023, the Distribution Agent disbursed $10,840,389.72 to 103 Eligible Claimants by check or wire, in full compensation of each Eligible Claimant's Total Loss Amount plus Reasonable Interest. Declaration ¶ 14. The Distribution Agent monitored the status of all checks and electronic payments to maximize the number of checks cashed and payments received. Declaration ¶ 15. As a result of the Distribution Agent's efforts, all checks and electronic payments were cashed and/or received. *Id*.

The distribution is complete, and all Administrative Costs have been paid. The Fair Fund currently holds $3,068,576.02. CFAR, p.1. Because all Eligible Claimants have been fully compensated for their Total Loss Amounts plus Reasonable Interest, the Distribution Agent, in consultation with the SEC staff, has determined further distributions infeasible. Declaration ¶ 16.

The Distribution Agent has remitted the $63,586.67 remaining in the Escrow Account to the SEC and, in consultation with the Tax Administrator, has provided to the SEC staff the CFAR for filing with the Court. Declaration ¶¶ 17, 18. The Distribution Agent represents that

the CFAR has been prepared based on the records held by the Distribution Agent and the Tax Administrator and is true, correct, and complete. *Id*.

**V.    THE DISTRIBUTION IS COMPLETE AND ENTRY OF THE ORDER, AS PROPOSED, IS APPROPRIATE**

The Distribution Agent has distributed the Net Available Fair Fund in accordance with the Plan and all Eligible Claimants have been fully compensated for their Total Loss Amounts plus Reasonable Interest. Further distribution is not feasible because it would result in windfalls to Eligible Claimants. In accordance with the Plan, paragraph XI.B., the SEC respectfully moves this Court to enter an order in substantially the form accompanying the Motion, approving the CFAR, discharging the Distribution Agent, terminating the Fair Fund, and approving the SEC's transmittal of the Residual to the U.S. Treasury. The justification for transmitting the Residual to the U.S. Treasury is set forth below, in Section C.

**A.    The CFAR Should be Approved**

As further described on the CFAR, the Fair Fund began with $9,194,464.21, earned interest of $462,520.83, and received capital gains of $7,921,619.14 upon the liquidation of assets, for a total of $17,578,604.18. *See* CFAR page 1, Lines B1-3; CFAR Exhibit C, Line B3. The Distribution Agent distributed $10,840,389.72 to Eligible Claimants and paid $754,683.44 in administrative fees and costs and $2,914,955.00 in taxes. *Id*. The Fair Fund currently holds $3,068,576.02 (the "Residual"). The Distribution Agent represents that the distribution is complete, all Administrative Costs have been paid, and that the Final Accounting is true, correct, and complete. Declaration ¶¶ 16, 18. The SEC respectfully requests that the Final Accounting be approved by the Court.

**B.    The Distribution Agent Should be Discharged and the Fair Fund Terminated**

6

The Distribution Agent has completed the distribution and has no further obligations under the Plan. All Eligible Claimants have been paid in full on their approved claims, including Reasonable Interest. Accordingly, the Distribution Agent should be discharged, and the Fair Fund should be terminated.

## C.    The Residual, and Any Funds Returned to the Fair Fund in the Future, Should be Directed to the U.S. Treasury.

The SEC further requests that the Court order the Residual, and any funds returned to the Fair Fund in the future, be sent to the U.S. Treasury, subject to Section 21F(g)(3) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-6(g)(3).[3] As discussed above, the Distribution Agent has distributed approximately $10.8 million to Eligible Claimants, compensating all Eligible Claimants for 100% of their losses, including Reasonable Interest. Because all harmed investors have been fully compensated, the transfer of the Residual to the U.S. Treasury is consistent with the Supreme Court's decision in *Liu v. SEC*, 591 U.S. 71 (2020), and with the statutory scheme.

Disgorgement is ordered to reflect the "foundational principle" that "it would be inequitable that a wrongdoer should make a profit out of his own wrong." *Liu*, 591 U.S. at 79-80. *Liu* criticized the practice of distributing disgorged funds to the Treasury "*instead of*" to "known victims." *Id*. at 85-86, 88-89 (emphasis added). However, it left open the question of whether disgorgement funds can be deposited with the Treasury when it is infeasible to distribute the collected funds to investors, allowing "the lower courts [to] evaluate in the first instance whether that order would indeed be for the benefit of investors as required by § 78u(d)(5) and consistent

---

[3] Section 21F(g)(3) of the Exchange Act, 15 U.S.C. § 78u-6(g)(3), provides, in relevant part, that any monetary sanction of $200 million or less collected by the SEC in any judicial action brought by the SEC under the securities laws that is not added to a disgorgement fund or distribution fund or otherwise distributed to victims, plus investment income, shall be deposited or credited into the SEC Investor Protection Fund.

with equitable principles." *Id*. at 89-90. Courts have held, post-*Liu*, that disgorgement may still be ordered even if funds need to be sent to the Treasury because it is infeasible to return funds to individual investors. *SEC v. O'Brien*, 674 F. Supp.3d 85, 2023 WL 3645205, at *13 (S.D.N.Y. May 25, 2023*), affirmed, 23-1071*, 2024 U.S. App. LEXIS 13225, 2024 WL 2813722 (2d Cir. June 3, 2024); *see also, e.g.*, *SEC v. Spartan Secs. Gr., Ltd.*, 620 F. Supp. 3d 1207, 1223-1225 (M.D. Fla. 2022), *appeal docketed*, No. 22-13129 (11th Cir. Sept. 16, 2022); *SEC v. Kon*, No. 1:21-cv-24320 (RKA) ECF 35, 2022 WL 17583635, at *4 (S.D. Fla. Aug. 22, 2022); *adopted, in relevant part*, 2023 WL 195203 (Jan. 17, 2023); *affirmed*, 23-10738, 2024 U.S. App. LEXIS 12090, 2024 WL 2271183 (11th Cir. May 20, 2024). Moreover, Section 21F(g)(3) of the Securities Exchange Act of 1934 ("Exchange Act") expressly contemplates that disgorgement funds that are "not distributed to [] victims" through a Fair Fund "shall be deposited into or credited to" a fund at the Treasury (15 U.S.C. § 78u-6(g)(3)(A)(ii)),[4] and courts have distributed residual funds consistent with that statutory command. *See also, SEC v. Murray, et al.*, No. 3:12-cv-1288 (EMC) ECF 239 (N.D.Ca. Oct. 23, 2023); *SEC v. Symbol Technologies, Inc., et al.*, No. 2:04-cv-2276 (JMA) ECF 400 (E.D.N.Y. Aug. 15, 2022); *SEC v. Haddad, et al.*, No. 3:18-cv-55 (KAD) ECF 29 (D. Conn. Aug. 27, 2021); *SEC v. Macquarie Capital (USA), Inc., et al.*, No. 1:15-cv-2304 (DLC) ECF 37 (S.D.N.Y. July 20, 2021); *SEC v. Nortel Networks Corp., et al.*, No. 1:07-cv-8851 (LAP) ECF 114 (S.D.N.Y. July 2, 2021); *SEC v. Buck*, No. 1:17-cv-3984 (JRS) ECF 17 (S.D. Ind. April 22, 2021).

---

[4] Post-Liu amendments to the Exchange Act confirm courts' authority to order disgorgement in "any action or proceeding brought by the Commission under any provision of the securities laws." Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283, codified at 15 U.S.C. § 78u(d)(7); *see SEC v. Ahmed*, 72 F.4th 379, 395-96 (2d Cir. 2023). The proposed distribution is consistent with these amendments to the extent they are relevant.

VI.     **CONCLUSION**

For the foregoing reasons, the SEC respectfully requests that the Court enter an Order

substantially in the form accompanying the Motion approving the CFAR; discharging the

Distribution Agent; terminating the Fair Fund; ordering the SEC to remit the Residual, along

with any funds returned to the Fair Fund in the future, to the general fund of the U.S. Treasury,

subject to Section 21F(g)(3) of the Securities Exchange Act of 1934 [15 U.S. Code § 78u-

6(g)(3)]; and grant such other relief as the Court deems appropriate.


Dated:  January 22, 2025                    Respectfully submitted,


                                            /s/ Catherine E. Pappas
                                            Catherine E. Pappas (PA Bar No. 56544)
                                            *Pro Hac Vice*, ECF docket entry 11/25/2024
                                            Attorney for Plaintiff
                                            SECURITIES AND EXCHANGE
                                            COMMISSION
                                            One Penn Center
                                            1617 JFK Blvd., Ste. 520
                                            Philadelphia, Pa.  19103
                                            Tel:  215-597-0657
                                            Fax:  215-597-2740
                                            pappasc@SEC.gov

Attachments:
Exhibit 1 (CFAR)
Exhibit 2 (Declaration of the Distribution Agent)

**<u>Exhibit 1</u>**

**(CFAR)**

| Section | Line | | | |
|---|---|---|---|---|
| A | 1 | **CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for DISTRIBUTION FUND** | **SEC v Veritaseum Fair Fund** | |
| | 2 | **SEC Action Number** | **SEC-NY-09755-B** | |
| | 3 | **AP File No. / Case Number** | **1:19-cv-04625-WFK-RER** | |
| | | **Period Covered in this Report:** | | |
| | 4 | **From  10/31/2019** | | |
| | 5 | **To      11/8/2024** | | |
| | | | | |
| B | | **Increases in Fund Balance** | | |
| | 1 | Contributions/Deposits | $          9,194,464.21 | |
| | 2 | Investment/Interest Income | 462,520.83 | |
| | 3 | Other - See Plan Admin's Exhibit for Detail | 7,921,619.14 | |
| | | Subtotal Funds Received | | $    17,578,604.18 |
| C | | **Decreases in Fund Balance** | | |
| | 1 | Gross Distributions to Claimants/Investors | | |
| | | Less Returned & Cancelled Checks | (10,840,389.72) | |
| | | Distributions to Claimants/Investors, Net | | (10,840,389.72) |
| | | Payments to Other than Claimants/Investors: | | |
| | 2 | Plan Administration Fees and Costs | (723,877.79) | |
| | 3 | Tax Administrator Fees and Expenses | (29,812.64) | |
| | 4 | Investment/Bank Fees | (993.01) | |
| | | Income Tax Payments, Net of Refunds | | |
| | 5 | Federal | (2,914,955.00) | |
| | 6 | District of Columbia/State | - | |
| | 7 | Other | - | |
| | | Subtotal Disbursements | | (3,669,638.44) |
| D | | **Ending Balance** | | $      **3,068,576.02** |

| Section | Line | SUMMARY OF DETAIL by ACCOUNTS by ACCOUNT MANAGERS for CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for | | | | |
|---|---|---|---|---|---|---|
| A | 1 | DISTRIBUTION FUND | SEC v Veritaseum Fair Fund | | | |
| | 2 | SEC Action Number | SEC-NY-09755-B | | | |
| | 3 | AP File No. / Case Number | 1:19-cv-04625-WFK-RER | | | |
| | | Period Covered in this Report: | | | | |
| | 4 | From 10/31/2019 | | | | |
| | 5 | To 11/8/2024 | | | | |

| | | | OFM | Plan Admin. | Tax Admin. | Total |
|---|---|---|---|---|---|---|
| **B** | | **Increases in Fund Balance** | | | | |
| | 1 | Contributions/Deposits | - | 9,194,464.21 | - | 9,194,464.21 |
| | 2 | Investment/Interest Income | 398,042.36 | 63,722.84 | 755.63 | 462,520.83 |
| | 3 | Other - See Plan Admin's Exhibit for Detail | - | 7,921,619.14 | | 7,921,619.14 |
| | | Subtotal Funds Received | 398,042.36 | 17,179,806.19 | 755.63 | 17,578,604.18 |
| **C** | | **Decreases in Fund Balance** | | | | |
| | 1 | Distributions to Claimants/Investors, Net | - | (10,840,389.72) | - | (10,840,389.72) |
| | | Payments to Other than Claimants/Investors: | | | | |
| | 2 | Plan Administration Fees and Costs | (723,877.79) | - | - | (723,877.79) |
| | 3 | Tax Administrator Fees and Expenses | (29,812.64) | - | - | (29,812.64) |
| | 4 | Investment/Bank Fees | (850.13) | (142.88) | - | (993.01) |
| | | Income Tax Payments, Net of Refunds | | | | |
| | 5 | Federal | 8,000.00 | - | (2,922,955.00) | (2,914,955.00) |
| | 6 | District of Columbia/State | - | - | - | - |
| | 7 | Other | - | - | - | - |
| | | Subtotal Disbursements | (746,540.56) | (10,840,532.60) | (2,922,955.00) | (14,510,028.16) |
| **Trf** | | **Transfers** | | | | |
| | 1 | To Plan Administrator | (10,840,389.72) | - | - | (10,840,389.72) |
| | 2 | From Plan Administrator | 17,179,663.31 | - | - | 17,179,663.31 |
| | 3 | To Tax Administrator | (3,105,013.00) | - | - | (3,105,013.00) |
| | 4 | From Tax Administrator | 182,813.63 | - | - | 182,813.63 |
| | 5 | Between Accounts Held by Account Manager | - | - | - | - |
| | 6 | To SEC | - | (17,179,663.31) | (182,813.63) | (17,362,476.94) |
| | 7 | From SEC | - | 10,840,389.72 | 3,105,013.00 | 13,945,402.72 |
| | | Subtotal Transfers | 3,417,074.22 | (6,339,273.59) | 2,922,199.37 | - |
| **D** | | **Ending Balance** | **3,068,576.02** | **-** | **-** | **3,068,576.02** |
| **E** | | **Fund Information:   Tranches from Inception** | | | | |
| | | See Plan Administrator's Exhibit for Detail | | | | |

| Section | Line | OFFICE OF FINANCIAL MANAGEMENT DETAIL by ACCOUNT for CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for | |
|---|---|---|---|
| A | 1 | DISTRIBUTION FUND | SEC v Veritaseum Fair Fund |
| | 2 | SEC Action Number | SEC-NY-09755-B |
| | 3 | AP File No. / Case Number | 1:19-cv-04625-WFK-RER |
| | | Period Covered in this Report: | |
| | 4 | From | 10/31/2019 |
| | 5 | To | 11/8/2024 |

| | | | Bureau Fiscal Services (BFS) | Non-interest Bearing Deposit Fund Account | |
|---|---|---|---|---|---|
| | | | SEC-NY-09755-B | | |
| Section | Line | DESCRIPTION | DATE | AMOUNT | AMOUNT | TOTAL |
|---|---|---|---|---|---|---|
| B | 1 | CONTRIBUTIONS/DEPOSITS | | | | - |
| | | Total to Line B 1 | | - | - | - |
| B | 2 | INVESTMENT/INTEREST EARNINGS | | | | |
| | | Total Earnings Posted to Account Annual Total | 2019 | 1,326.39 | | 1,326.39 |
| | | Total Earnings Posted to Account Annual Total | 2020 | 18,684.42 | | 18,684.42 |
| | | Total Earnings Posted to Account Annual Total | 2021 | 7,957.66 | | 7,957.66 |
| | | Total Earnings Posted to Account Annual Total | 2022 | 226,978.56 | | 226,978.56 |
| | | Total Earnings Posted to Account Annual Total | 2023 | 143,095.33 | | 143,095.33 |
| | | | | | | - |
| | | Total to Line B 2 | | 398,042.36 | - | 398,042.36 |
| B | 3 | OTHER INCREASES IN FUND BALANCE | | | | - |
| | | Total to Line B 3 | | - | - | - |
| C | 1 | DISBURSEMENTS TO INVESTORS | | | | - |
| | | Total to Line C 1 | | - | - | - |

SEC v Veritaseum Fair Fund
OFM detail by account
Exhibit B to CFAR, page 1 of 5

| Section | Line | | | |
|---|---|---|---|---|
| | | **OFFICE OF FINANCIAL MANAGEMENT DETAIL by ACCOUNT for CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for** | | |
| **A** | 1 | **DISTRIBUTION FUND** | **SEC v Veritaseum Fair Fund** | |
| | 2 | **SEC Action Number** | **SEC-NY-09755-B** | |
| | 3 | **AP File No. / Case Number** | **1:19-cv-04625-WFK-RER** | |
| | | **Period Covered in this Report:** | | |
| | 4 | **From** | **10/31/2019** | |
| | 5 | **To** | **11/8/2024** | |

| DESCRIPTION | DATE | Bureau Fiscal Services (BFS) | Non-interest Bearing Deposit Fund Account | TOTAL |
|---|---|---|---|---|
| | | **SEC-NY-09755-B** | | |
| | | AMOUNT | AMOUNT | TOTAL |
| **C** **2** PLAN ADMINISTRATION FEES and COSTS | | | | |
| RCB Fund Services LLC | 12/30/2020 | | (69,293.62) | (69,293.62) |
| Holland & Knight LLP | 12/30/2020 | | (79,180.00) | (79,180.00) |
| Holland & Knight LLP | 12/13/2021 | | (70,621.60) | (70,621.60) |
| RCB Fund Services LLC | 12/13/2021 | | (6,456.97) | (6,456.97) |
| RCB Fund Services LLC | 12/20/2021 | | (18,967.15) | (18,967.15) |
| RCB Fund Services LLC | 12/21/2021 | | (19,648.02) | (19,648.02) |
| RCB Fund Services LLC | 4/28/2022 | | (10,992.25) | (10,992.25) |
| RCB Fund Services LLC | 10/25/2022 | | (24,380.77) | (24,380.77) |
| Holland & Knight LLP | 1/12/2023 | | (112,125.70) | (112,125.70) |
| RCB Fund Services LLC | 1/25/2023 | | (23,943.41) | (23,943.41) |
| RCB Fund Services LLC | 1/26/2023 | | (24,700.70) | (24,700.70) |
| RCB Fund Services LLC | 2/28/2023 | | (33,957.88) | (33,957.88) |
| RCB Fund Services LLC | 5/31/2023 | | (17,054.29) | (17,054.29) |
| RCB Fund Services LLC | 6/28/2023 | | (13,688.74) | (13,688.74) |
| RCB Fund Services LLC | 9/12/2023 | | (10,450.66) | (10,450.66) |
| RCB Fund Services LLC | 12/27/2023 | | (12,123.06) | (12,123.06) |
| RCB Fund Services LLC | 12/27/2023 | | (1,063.97) | (1,063.97) |
| Holland & Knight LLP | 1/10/2024 | | (175,229.00) | (175,229.00) |
| | | | | - |
| **Total to Line C 2** | | - | (723,877.79) | (723,877.79) |
| | | | | |
| **C** **3** TAX ADMINISTRATOR FEES & BONDS | | | | |
| Bonds: | | | | |
| Bond Fees | 2/24/2022 | | (8.94) | (8.94) |
| Bond Fees | 2/24/2022 | | (42.98) | (42.98) |
| | | | | - |
| **Total Bond Fees Paid** | | - | (51.92) | (51.92) |
| Tax Administrator Fees: | | | | |
| Miller Kaplan Arase LLP Fees | 12/30/2020 | | (8,835.40) | (8,835.40) |
| Miller Kaplan Arase LLP Fees | 12/30/2020 | | (3,841.20) | (3,841.20) |
| Miller Kaplan Arase LLP Fees | 9/3/2021 | | (1,607.85) | (1,607.85) |
| Miller Kaplan Arase LLP Fees | 12/8/2022 | | (1,608.16) | (1,608.16) |
| Miller Kaplan Arase LLP Fees | 7/21/2023 | | (5,204.81) | (5,204.81) |
| Miller Kaplan Arase LLP Fees | 9/24/2024 | | (9,756.30) | (9,756.30) |
| Miller Kaplan Arase LLP Fees - return of overpayment | 10/15/2024 | | 1,093.00 | 1,093.00 |
| | | | | - |
| **Total Tax Administrator Fees Paid** | | - | (29,760.72) | (29,760.72) |
| **Total to Line C 3** | | - | (29,812.64) | (29,812.64) |

SEC v Veritaseum Fair Fund
OFM detail by account
Exhibit B to CFAR, page 2 of 5

| Section | Line | | | | | |
|---|---|---|---|---|---|---|
| | | **OFFICE OF FINANCIAL MANAGEMENT DETAIL by ACCOUNT for CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for** | | | | | |
| **A** | 1 | **DISTRIBUTION FUND** | | **SEC v Veritaseum Fair Fund** | | |
| | 2 | **SEC Action Number** | | **SEC-NY-09755-B** | | |
| | 3 | **AP File No. / Case Number** | | **1:19-cv-04625-WFK-RER** | | |
| | | **Period Covered in this Report:** | | | | |
| | 4 | **From** | | 10/31/2019 | | |
| | 5 | **To** | | 11/8/2024 | | |

| | | | DATE | Bureau Fiscal Services (BFS) | Non-interest Bearing Deposit Fund Account | |
|---|---|---|---|---|---|---|
| | | | | | SEC-NY-09755-B | |
| | | DESCRIPTION | | AMOUNT | AMOUNT | TOTAL |
| **C** | 4 | INVESTMENT EXPENSES including | | | | |
| | | BUREAU OF PUBLIC DEBT (BFS) FEES or | | | | |
| | | COURT REGISTRY INVESTMENT SYSTEM (CRIS) FEES | | | | |
| | | BFS Fees Paid; Funds Withdrawn | 2019 | | (2.09) | (2.09) |
| | | BFS Fees Paid; Funds Withdrawn | 2020 | | (197.79) | (197.79) |
| | | BFS Fees Paid; Funds Withdrawn | 2021 | | (277.02) | (277.02) |
| | | BFS Fees Paid; Funds Withdrawn | 2022 | | (305.95) | (305.95) |
| | | BFS Fees Paid; Funds Withdrawn | 2023 | | (67.28) | (67.28) |
| | | | | | | - |
| | | Total to Line C 4 | | - | (850.13) | (850.13) |
| **C** | 5 | FEDERAL TAX (PAYMENTS) / REFUNDS | | | | |
| | | Return of 2023 Federal Tax Refund | 2024 | | 8,000.00 | 8,000.00 |
| | | Total to Line C 5 | | - | 8,000.00 | 8,000.00 |
| **C** | 6 | DISTRICT OF COLUMBIA (DC) & STATE TAX PAYMENTS | | | | |
| | | | | | | - |
| | | Total to Line C 6 | | - | - | - |
| **C** | 7 | OTHER DECREASES IN FUND BALANCE | | | | |
| | | | | | | - |
| | | Total to Line C 7 | | - | - | - |

SEC v Veritaseum Fair Fund
OFM detail by account
Exhibit B to CFAR, page 3 of 5

| Section | Line | | |
|---|---|---|---|
| A | 1 | OFFICE OF FINANCIAL MANAGEMENT DETAIL by ACCOUNT for CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for DISTRIBUTION FUND | **SEC v Veritaseum Fair Fund** |
| | 2 | **SEC Action Number** | **SEC-NY-09755-B** |
| | 3 | **AP File No. / Case Number** | **1:19-cv-04625-WFK-RER** |
| | | **Period Covered in this Report:** | |
| | 4 | **From** | **10/31/2019** |
| | 5 | **To** | **11/8/2024** |

| | | | | Bureau Fiscal Services (BFS) | Non-interest Bearing Deposit Fund Account | |
|---|---|---|---|---|---|---|
| | | | | | SEC-NY-09755-B | |
| | | DESCRIPTION | DATE | AMOUNT | AMOUNT | TOTAL |
| **TRF** | | TRANSFERS BETWEEN ACCOUNTS | | | | |
| | 1 | To Plan Administrator: | | | | |
| | | Deposited to Distribution Account | 4/4/2023 | | (10,840,389.72) | (10,840,389.72) |
| | | | | | | - |
| | | Total Transfers to Plan Administrator | | - | (10,840,389.72) | (10,840,389.72) |
| | 2 | From Plan Administrator: | | | | |
| | | Transfer from Distribution Agent to SEC | 12/5/2019 | | 340,902.76 | 340,902.76 |
| | | Transfer from Distribution Agent to SEC | 12/5/2019 | | 282,354.42 | 282,354.42 |
| | | Transfer from Distribution Agent to SEC | 12/5/2019 | | 10,471.30 | 10,471.30 |
| | | Transfer from Distribution Agent to SEC | 12/5/2019 | | 39.34 | 39.34 |
| | | Transfer from Distribution Agent to SEC | 12/10/2019 | | 875,821.91 | 875,821.91 |
| | | Transfer from Distribution Agent to SEC | 12/18/2019 | | 20.24 | 20.24 |
| | | Transfer from Distribution Agent to SEC | 12/19/2019 | | 130,454.01 | 130,454.01 |
| | | Transfer from Distribution Agent to SEC | 12/30/2019 | | 42,753.72 | 42,753.72 |
| | | Transfer from Distribution Agent to SEC | 8/24/2020 | | 15,433,258.94 | 15,433,258.94 |
| | | Transfer from Distribution Agent to SEC | 11/6/2023 | | 63,586.67 | 63,586.67 |
| | | | | | | - |
| | | Total Transfers from Plan Administrator | | - | 17,179,663.31 | 17,179,663.31 |
| | 3 | To Tax Administrator: | | | | |
| | | Transfer re: Income Tax Payments | 9/21/2020 | | (7,500.00) | (7,500.00) |
| | | Transfer re: Income Tax Payments | 12/22/2020 | | (3,060.00) | (3,060.00) |
| | | Transfer re: Income Tax Payments | 12/30/2020 | | (3,056,940.00) | (3,056,940.00) |
| | | Transfer re: Income Tax Payments | 9/14/2022 | | (6,500.00) | (6,500.00) |
| | | Transfer re: Income Tax Payments | 12/14/2022 | | (10,000.00) | (10,000.00) |
| | | Transfer re: Income Tax Payments | 4/4/2023 | | (13,013.00) | (13,013.00) |
| | | Transfer re: Income Tax Payments | 4/4/2023 | | (8,000.00) | (8,000.00) |
| | | | | | | - |
| | | Total Transfers to Tax Administrator | | - | (3,105,013.00) | (3,105,013.00) |
| | 4 | From Tax Administrator: | | | | |
| | | Return Funds from Miller Kaplan Trust Account | 8/3/2022 | | 182,813.63 | 182,813.63 |
| | | | | | | - |
| | | Total Transfers from Tax Administrator | | - | 182,813.63 | 182,813.63 |

SEC v Veritaseum Fair Fund
OFM detail by account
Exhibit B to CFAR, page 4 of 5

| Section | Line | | | |
|---|---|---|---|---|
| | | **OFFICE OF FINANCIAL MANAGEMENT DETAIL by ACCOUNT for CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for** | | |
| A | 1 | **DISTRIBUTION FUND** | **SEC v Veritaseum Fair Fund** | |
| | 2 | **SEC Action Number** | **SEC-NY-09755-B** | |
| | 3 | **AP File No. / Case Number** | **1:19-cv-04625-WFK-RER** | |
| | | **Period Covered in this Report:** | | |
| | 4 | **From** | **10/31/2019** | |
| | 5 | **To** | **11/8/2024** | |

| | | | | Bureau Fiscal Services (BFS) | Non-interest Bearing Deposit Fund Account | |
|---|---|---|---|---|---|---|
| | | | | | SEC-NY-09755-B | |
| | | DESCRIPTION | DATE | AMOUNT | AMOUNT | TOTAL |
| | 5 | Between Accounts Held by this Account Manager: | | | | |
| | | Funds invested BFS | 12/10/2019 | 632,753.79 | (632,753.79) | - |
| | | Funds invested BFS | 12/12/2019 | 874,420.59 | (874,420.59) | - |
| | | Funds invested BFS | 12/26/2019 | 130,265.49 | (130,265.49) | - |
| | | Funds invested BFS | 8/28/2020 | 7,778,851.19 | (7,778,851.19) | - |
| | | Funds invested BFS | 9/2/2020 | 7,569,813.00 | (7,569,813.00) | - |
| | | Funds invested BFS | 12/3/2020 | 99,481.43 | (99,481.43) | - |
| | | Funds Withdrawn from BFS | 12/23/2020 | (3,260,000.00) | 3,260,000.00 | - |
| | | Funds Withdrawn from BFS | 12/2/2021 | (20,000.00) | 20,000.00 | - |
| | | Funds Withdrawn from BFS | 12/7/2021 | (45,000.00) | 45,000.00 | - |
| | | Funds Withdrawn from BFS | 4/12/2022 | (5,000.00) | 5,000.00 | - |
| | | Funds Withdrawn from BFS | 1/30/2023 | (20,000.00) | 20,000.00 | - |
| | | Funds Withdrawn from BFS | 2/14/2023 | (35,000.00) | 35,000.00 | - |
| | | Funds Withdrawn from BFS | 3/22/2023 | (14,098,627.85) | 14,098,627.85 | - |
| | | | | | | - |
| | | Total Transfers Between Accounts Herein | | (398,042.36) | 398,042.36 | - |
| | | | | | | |
| | | Total Transfers, Net | | (398,042.36) | 3,815,116.58 | 3,417,074.22 |

| SUM | | SUMMARY and RECONCILIATION to ENDING ACCOUNT BALANCES | | | | |
|---|---|---|---|---|---|---|
| | | Total Increases | Section B | 398,042.36 | - | 398,042.36 |
| | | Less: Total Decreases | Section C | - | (746,540.56) | (746,540.56) |
| | | Total Transfers Between Accounts | TRF | (398,042.36) | 3,815,116.58 | 3,417,074.22 |
| | | Ending Balance | | 0.00 | 3,068,576.02 | 3,068,576.02 |

| H | | Prepared by: | | |
|---|---|---|---|---|
| | 1 | Office of Financial Management, Enforcement Treasury Operations Branch | | |
| | | (entity name) | | |
| | 2 | Lewis, Warren | Digitally signed by Lewis, Warren Date: 2024.11.08 11:33:00 -05'00' | Warren A. Lewis |
| | | (signature) | | (printed name) |
| | 3 | Chief, Enforcement Treasury Operations Branch | | 11/8/2024 |
| | | (title) | | (date) |

SEC v Veritaseum Fair Fund
OFM detail by account
Exhibit B to CFAR, page 5 of 5

| Section | Line | PLAN ADMINISTRATOR'S DETAIL by ACCOUNT for | | | | |
|---|---|---|---|---|---|---|
| | | CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for | | | | |
| A | 1 | DISTRIBUTION FUND | SEC v Veritaseum Fair Fund | | | |
| | 2 | SEC Action Number | SEC-NY-09755-B | | | |
| | 3 | AP File No. / Case Number | 1:19-cv-04625-WFK-RER | | | |
| | | Period Covered in this Report: | | | | |
| | 4 | From | 10/31/2019 | | | |
| | 5 | To | 1/31/2024 | | | |

| | | | | Frozen Assets Crypto, Metals, and Cash | Holland & Knight LLP Huntington -3336 | Holland & Knight LLP Huntington -3349 | |
|---|---|---|---|---|---|---|---|
| | | DESCRIPTION | DATE | AMOUNT | AMOUNT | AMOUNT | TOTAL |
| B | 1 | CONTRIBUTIONS/DEPOSITS | | | | | |
| | | Ether and Bitcoin Token Value at Transfer | 10/31/2019 | 7,376,985.28 | | | 7,376,985.28 |
| | | Cash and Metals | 10/31/2019 | 1,680,724.40 | | | 1,680,724.40 |
| | | Ether Token Value at Transfer | 11/28/2019 | 136,754.53 | | | 136,754.53 |
| | | | | | | | - |
| | | Total to Line B 1 | | 9,194,464.21 | - | - | 9,194,464.21 |
| B | 2 | INVESTMENT/INTEREST EARNINGS | | | | | |
| | | Total Earnings Posted to Account Annual Total | 2019 | 136.17 | | | 136.17 |
| | | Total Earnings Posted to Account Annual Total | 2023 | | | 63,586.67 | 63,586.67 |
| | | | | | | | - |
| | | Total to Line B 2 | | 136.17 | - | 63,586.67 | 63,722.84 |
| B | 3 | OTHER INCREASES IN FUND BALANCE | | | | | |
| | | Capital Gain on Sale of Metals | 2019 | 2,100.01 | | | 2,100.01 |
| | | Capital Gain on Sale of Crypto Currency | 2020 | 7,919,519.13 | | | 7,919,519.13 |
| | | | | | | | - |
| | | Total to Line B 3 | | 7,921,619.14 | - | - | 7,921,619.14 |
| C | 1 | DISBURSEMENTS TO INVESTORS | | | | | |
| | | Disbursements to Investors, Net Paid by Year | 2023 | | (10,840,389.72) | | (10,840,389.72) |
| | | | | | | | - |
| | | Total to Line C 1 | | - | (10,840,389.72) | - | (10,840,389.72) |
| C | 2 | PLAN ADMINISTRATION FEES and COSTS | | | | | - |
| | | Total to Line C 2 | | - | - | - | - |

SEC v Veritaseum Fair Fund
Plan Admin detail by acct
Exhibit C to CFAR, page 8 of 15

| Section | Line | PLAN ADMINISTRATOR'S DETAIL by ACCOUNT for | | | | | |
|---|---|---|---|---|---|---|---|
| | | CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for | | | | | |
| A | 1 | DISTRIBUTION FUND | | SEC v Veritaseum Fair Fund | | | |
| | 2 | SEC Action Number | | SEC-NY-09755-B | | | |
| | 3 | AP File No. / Case Number | | 1:19-cv-04625-WFK-RER | | | |
| | | Period Covered in this Report: | | | | | |
| | 4 | From | | 10/31/2019 | | | |
| | 5 | To | | 1/31/2024 | | | |

| | | | | Frozen Assets Crypto, Metals, and Cash | Holland & Knight LLP Huntington -3336 | Holland & Knight LLP Huntington -3349 | |
|---|---|---|---|---|---|---|---|
| | | DESCRIPTION | DATE | AMOUNT | AMOUNT | AMOUNT | TOTAL |
| C | 3 | TAX ADMINISTRATOR FEES & BONDS | | | | | |
| | | Bonds: | | | | | - |
| | | Total Bond Fees Paid | | - | - | - | - |
| | | Tax Administrator Fees: | | | | | - |
| | | Total Tax Administrator Fees Paid | | - | - | - | |
| | | Total to Line C 3 | | - | - | - | - |
| C | 4 | INVESTMENT EXPENSES including | | | | | |
| | | BUREAU OF PUBLIC DEBT (BPD) FEES or | | | | | |
| | | COURT REGISTRY INVESTMENT SYSTEM (CRIS) FEES | | | | | |
| | | Bank fees | 12/19/2019 | (142.88) | | | (142.88) |
| | | | | | | | - |
| | | Total to Line C 4 | | (142.88) | - | - | (142.88) |
| C | 5 | FEDERAL TAX (PAYMENTS) / REFUNDS | | | | | - |
| | | Total to Line C 5 | | - | - | - | - |
| C | 6 | DISTRICT OF COLUMBIA (DC) & STATE TAX PAYMENTS | | | | | - |
| | | Total to Line C 6 | | - | - | - | - |
| C | 7 | OTHER DECREASES IN FUND BALANCE | | | | | - |
| | | Total to Line C 7 | | - | - | - | - |

SEC v Veritaseum Fair Fund
Plan Admin detail by acct
Exhibit C to CFAR, page 9 of 15

| Section | Line | | | | | | |
|---|---|---|---|---|---|---|---|
| | | **PLAN ADMINISTRATOR'S DETAIL by ACCOUNT for** | | | | | |
| | | **CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for** | | | | | |
| **A** | 1 | **DISTRIBUTION FUND** | | **SEC v Veritaseum Fair Fund** | | | |
| | 2 | **SEC Action Number** | | **SEC-NY-09755-B** | | | |
| | 3 | **AP File No. / Case Number** | | **1:19-cv-04625-WFK-RER** | | | |
| | | **Period Covered in this Report:** | | | | | |
| | 4 | **From** | | **10/31/2019** | | | |
| | 5 | **To** | | **1/31/2024** | | | |

| | | | Frozen Assets Crypto, Metals, and Cash | Holland & Knight LLP Huntington -3336 | Holland & Knight LLP Huntington -3349 | |
|---|---|---|---|---|---|---|
| | | DESCRIPTION | DATE | AMOUNT | AMOUNT | AMOUNT | TOTAL |
| **TRF** | | TRANSFERS BETWEEN ACCOUNTS | | | | | |
| | 1 | To  Plan Administrator: | | | | | - |
| | | Total Transfers to Plan Administrator | | - | - | - | - |
| | 2 | From Plan Administrator: | | | | | - |
| | | Total Transfers from Plan Administrator | | - | - | - | - |
| | 3 | To Tax Administrator: | | | | | - |
| | | Total Transfers to Tax Administrator | | - | - | - | - |
| | 4 | From Tax Administrator: | | | | | - |
| | | Total Transfers from Tax Administrator | | - | - | - | - |
| | 5 | Between Accounts Held by this Account Manager: | | | | | |
| | | Transfers, Net Total by Month | 4/30/2023 | | (9,036,733.80) | 9,036,733.80 | - |
| | | Transfers, Net Total by Month | 5/31/2023 | | 6,625,737.61 | (6,625,737.61) | - |
| | | Transfers, Net Total by Month | 6/30/2023 | | 2,395,383.18 | (2,395,383.18) | - |
| | | Transfers, Net Total by Month | 7/31/2023 | | 4,558.10 | (4,558.10) | - |
| | | Transfers, Net Total by Month | 8/31/2023 | | 10,949.84 | (10,949.84) | - |
| | | Transfers, Net Total by Month | 9/30/2023 | | 105.07 | (105.07) | - |
| | | Transfers, Net Total by Month | 10/31/2023 | | - | | - |
| | | Transfers, Net Total by Month | 11/30/2023 | | 63,586.67 | (63,586.67) | - |
| | | Total Transfers Between Accounts Herein | | - | 63,586.67 | (63,586.67) | - |
| | 6 | To  SEC: | | | | | |
| | | Transfer from Distribution Agent to SEC | 12/5/2019 | (340,902.76) | | | (340,902.76) |
| | | Transfer from Distribution Agent to SEC | 12/5/2019 | (282,354.42) | | | (282,354.42) |
| | | Transfer from Distribution Agent to SEC | 12/5/2019 | (10,471.30) | | | (10,471.30) |
| | | Transfer from Distribution Agent to SEC | 12/5/2019 | (39.34) | | | (39.34) |
| | | Transfer from Distribution Agent to SEC | 12/10/2019 | (875,821.91) | | | (875,821.91) |
| | | Transfer from Distribution Agent to SEC | 12/18/2019 | (20.24) | | | (20.24) |
| | | Transfer from Distribution Agent to SEC | 12/19/2019 | (130,454.01) | | | (130,454.01) |
| | | Transfer from Distribution Agent to SEC | 12/30/2019 | (42,753.72) | | | (42,753.72) |
| | | Transfer from Distribution Agent to SEC | 8/24/2020 | (15,433,258.94) | | | (15,433,258.94) |
| | | Transfer from Distribution Agent to SEC | 11/6/2023 | | (63,586.67) | | (63,586.67) |
| | | Total Transfers to SEC | | (17,116,076.64) | (63,586.67) | - | (17,179,663.31) |
| | 7 | From SEC: | | | | | |
| | | Transfer from OFM Account | 4/4/2023 | | 10,840,389.72 | | 10,840,389.72 |
| | | Total Transfers from SEC | | - | 10,840,389.72 | - | 10,840,389.72 |
| | | Total Transfers, Net | | (17,116,076.64) | 10,840,389.72 | (63,586.67) | (6,339,273.59) |

SEC v Veritaseum Fair Fund
Plan Admin detail by acct
Exhibit C to CFAR, page 10 of 15

| Section | Line | | | | | | |
|---|---|---|---|---|---|---|---|
| A | | PLAN ADMINISTRATOR'S DETAIL by ACCOUNT for | | | | | | |
| | | CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for | | | | | | |
| | 1 | DISTRIBUTION FUND | SEC v Veritaseum Fair Fund | | | | | |
| | 2 | SEC Action Number | SEC-NY-09755-B | | | | | |
| | 3 | AP File No. / Case Number | 1:19-cv-04625-WFK-RER | | | | | |
| | | Period Covered in this Report: | | | | | | |
| | 4 | From | 10/31/2019 | | | | | |
| | 5 | To | 1/31/2024 | | | | | |

| | | | Frozen Assets Crypto, Metals, and Cash | Holland & Knight LLP Huntington -3336 | Holland & Knight LLP Huntington -3349 | |
|---|---|---|---|---|---|---|
| | DESCRIPTION | DATE | AMOUNT | AMOUNT | AMOUNT | TOTAL |
| SUM | SUMMARY and RECONCILIATION to ENDING ACCOUNT BALANCES | | | | | |
| | Total Increases | Section B | 17,116,219.52 | - | 63,586.67 | 17,179,806.19 |
| | Less: Total Decreases | Section C | (142.88) | (10,840,389.72) | - | (10,840,532.60) |
| | Total Transfers Between Accounts | TRF | (17,116,076.64) | 10,840,389.72 | (63,586.67) | (6,339,273.59) |
| | Ending Balance | | - | - | 0.00 | - |

| E | Fund Information: | Tranches from Inception | | | | |
|---|---|---|---|---|---|---|
| | | Distributions | | | | |
| | | # Issued | Date | Gross Payments | Returned/Cancelled | Net Distributed |
| | | 103 | 4/24/2023 | (10,840,389.72) | - $ | (10,840,389.72) |
| | | | | | | - |
| | | Total | | (10,840,389.72) | - | (10,840,389.72) |

| H | | Prepared by: |
|---|---|---|
| | 1 | *Holland & Knight LLP* |
| | | (distribution agent) |
| | 2 | *[signature]*                    *Josias N. Dewey* |
| | | (signature)                      (printed name) |
| | 3 | *Partner*                        *2.19.24* |
| | | (title)                          (date) |

SEC v Veritaseum Fair Fund
Plan Admin detail by acct
Exhibit C to CFAR, page 11 of 15

| Section | Line | TAX ADMINISTRATOR'S DETAIL by ACCOUNT for CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for | | | |
|---|---|---|---|---|---|
| A | 1 | DISTRIBUTION FUND | | SEC v Veritaseum Fair Fund | |
| | 2 | SEC Action Number | | SEC-NY-09755-B | |
| | 3 | AP File No. / Case Number | | 1:19-cv-04625-WFK-RER | |
| | | Period Covered in this Report: | | | |
| | 4 | From | | 10/31/2019 | |
| | 5 | To | | 1/31/2024 | |

| | | | | Miller Kaplan Arase LLP | |
|---|---|---|---|---|---|
| | | | | SEC Client Trust Account | |
| | | DESCRIPTION | DATE | AMOUNT | TOTAL |
| B | 1 | CONTRIBUTIONS/DEPOSITS | | | - |
| | | Total to Line B 1 | | - | - |
| B | 2 | INVESTMENT/INTEREST EARNINGS | | | |
| | | Interest Earned on 2021 Federal Income Tax Refund | 7/27/2022 | 755.63 | 755.63 |
| | | | | | - |
| | | Total to Line B 2 | | 755.63 | 755.63 |
| B | 3 | OTHER INCREASES IN FUND BALANCE | | | - |
| | | Total to Line B 3 | | - | - |
| C | 1 | DISBURSEMENTS TO INVESTORS | | | - |
| | | Total to Line C 1 | | - | - |
| C | 2 | PLAN ADMINISTRATION FEES and COSTS | | | - |
| | | Total to Line C 2 | | - | - |
| C | 3 | TAX ADMINISTRATOR FEES & BONDS | | | |
| | | Bonds: | | | - |
| | | Total Bond Fees Paid | | - | - |
| | | Tax Administrator Fees: | | | - |
| | | Total Tax Administrator Fees Paid | | - | - |

SEC v Veritaseum Fair Fund
Tax Admin detail by account
Exhibit D to CFAR, page 12 of 15

| Section | Line | | | |
|---|---|---|---|---|
| | | **TAX ADMINISTRATOR'S DETAIL by ACCOUNT for** | | |
| | | **CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for** | | |
| **A** | 1 | **DISTRIBUTION FUND** | **SEC v Veritaseum Fair Fund** | |
| | 2 | **SEC Action Number** | **SEC-NY-09755-B** | |
| | 3 | **AP File No. / Case Number** | **1:19-cv-04625-WFK-RER** | |
| | | **Period Covered in this Report:** | | |
| | 4 | **From** | **10/31/2019** | |
| | 5 | **To** | **1/31/2024** | |

| | | | **Miller Kaplan Arase LLP** | |
| | | | **SEC Client Trust Account** | |
| DESCRIPTION | | DATE | AMOUNT | TOTAL |
|---|---|---|---|---|
| Total to Line C 3 | | | - | - |

| Section | Line | | | | |
|---|---|---|---|---|---|
| **C** | 4 | INVESTMENT EXPENSES including | | | |
| | | BUREAU OF PUBLIC DEBT (BPD) FEES or | | | |
| | | <u>COURT REGISTRY INVESTMENT SYSTEM (CRIS) FEES</u> | | | - |
| | | Total to Line C 4 | | - | - |

| Section | Line | | | | |
|---|---|---|---|---|---|
| **C** | 5 | <u>FEDERAL TAX (PAYMENTS) / REFUNDS</u> | | | |
| | | 2020 3rd Quarter Estimated Federal Income Tax | 9/30/2020 | (7,500.00) | (7,500.00) |
| | | 2020 4th Quarter Estimated Federal Income Tax | 1/11/2021 | (3,060,000.00) | (3,060,000.00) |
| | | 2021 Federal Income Tax Refund | 7/27/2022 | 182,058.00 | 182,058.00 |
| | | 2022 3rd Quarter Estimated Federal Income Tax | 9/20/2022 | (6,500.00) | (6,500.00) |
| | | 2022 4th Quarter Estimated Federal Income Tax | 12/19/2022 | (10,000.00) | (10,000.00) |
| | | 2022 Federal Income Tax | 4/13/2023 | (13,013.00) | (13,013.00) |
| | | 2023 1st Quarter Estimated Federal Income Tax | 4/13/2024 | (8,000.00) | (8,000.00) |
| | | | | | - |
| | | Total to Line C 5 | | (2,922,955.00) | (2,922,955.00) |

| Section | Line | | | | |
|---|---|---|---|---|---|
| **C** | 6 | <u>DISTRICT OF COLUMBIA (DC) & STATE TAX PAYMENTS</u> | | | |
| | | | | | - |
| | | Total to Line C 6 | | - | - |

| Section | Line | | | | |
|---|---|---|---|---|---|
| **C** | 7 | <u>OTHER DECREASES IN FUND BALANCE</u> | | | |
| | | | | | - |
| | | Total to Line C 7 | | - | - |

SEC v Veritaseum Fair Fund
Tax Admin detail by account
Exhibit D to CFAR, page 13 of 15

| Section | Line | | | |
|---|---|---|---|---|
| | | **TAX ADMINISTRATOR'S DETAIL by ACCOUNT for CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for** | | |
| **A** | 1 | **DISTRIBUTION FUND** | **SEC v Veritaseum Fair Fund** | |
| | 2 | **SEC Action Number** | **SEC-NY-09755-B** | |
| | 3 | **AP File No. / Case Number** | **1:19-cv-04625-WFK-RER** | |
| | | **Period Covered in this Report:** | | |
| | 4 | **From** | 10/31/2019 | |
| | 5 | **To** | 1/31/2024 | |

| | | | Miller Kaplan Arase LLP | |
| | | | SEC Client Trust Account | |
| | DESCRIPTION | DATE | AMOUNT | TOTAL |
|---|---|---|---|---|
| **TRF** | **TRANSFERS BETWEEN ACCOUNTS** | | | |
| 1 | To Plan Administrator: | | | - |
| | Total Transfers to Plan Administrator | | - | - |
| 2 | From Plan Administrator: | | | - |
| | Total Transfers from Plan Administrator | | - | - |
| 5 | Between Accounts Held by this Account Manager: | | | - |
| | Total Transfers Between Accounts Herein | | - | - |
| 6 | To SEC: | | | |
| | Return Funds from Miller Kaplan Trust Account | 8/3/2022 | (182,813.63) | (182,813.63) |
| | | | | - |
| | Total Transfers to SEC | | (182,813.63) | (182,813.63) |
| 7 | From SEC: | | | |
| | Transfer re: Income Tax Payments | 9/21/2020 | 7,500.00 | 7,500.00 |
| | Transfer re: Income Tax Payments | 12/22/2020 | 3,060.00 | 3,060.00 |
| | Transfer re: Income Tax Payments | 12/30/2020 | 3,056,940.00 | 3,056,940.00 |
| | Transfer re: Income Tax Payments | 9/14/2022 | 6,500.00 | 6,500.00 |
| | Transfer re: Income Tax Payments | 12/14/2022 | 10,000.00 | 10,000.00 |
| | Transfer re: Income Tax Payments | 4/4/2023 | 13,013.00 | 13,013.00 |
| | Transfer re: Income Tax Payments | 4/4/2023 | 8,000.00 | 8,000.00 |
| | | | | - |
| | Total Transfers from SEC | | 3,105,013.00 | 3,105,013.00 |
| | Total Transfers, Net | | 2,922,199.37 | 2,922,199.37 |

SEC v Veritaseum Fair Fund
Tax Admin detail by account
Exhibit D to CFAR, page 14 of 15

| Section | Line | TAX ADMINISTRATOR'S DETAIL by ACCOUNT for | | | |
|---------|------|-------------------------------------------|---|---|---|
| | | CONSOLIDATED FINAL ACCOUNTING REPORT on the CASH BASIS for | | | |
| **A** | 1 | **DISTRIBUTION FUND** | **SEC v Veritaseum Fair Fund** | | |
| | 2 | **SEC Action Number** | **SEC-NY-09755-B** | | |
| | 3 | **AP File No. / Case Number** | **1:19-cv-04625-WFK-RER** | | |
| | | **Period Covered in this Report:** | | | |
| | 4 | **From** | 10/31/2019 | | |
| | 5 | **To** | 1/31/2024 | | |

| | | Miller Kaplan Arase LLP | |
|---|---|---|---|
| | | SEC Client Trust Account | |
| DESCRIPTION | DATE | AMOUNT | TOTAL |

| Section | | | DATE | AMOUNT | TOTAL |
|---------|---|---|------|--------|-------|
| **SUM** | | SUMMARY and RECONCILIATION to ENDING ACCOUNT BALANCES | | | |
| | | Total Increases | **Section B** | 755.63 | 755.63 |
| | | Less: Total Decreases | **Section C** | (2,922,955.00) | (2,922,955.00) |
| | | Total Transfers Between Accounts | **TRF** | 2,922,199.37 | 2,922,199.37 |
| | | Ending Balance | | - | - |

**H**        **Prepared by:**

| | | |
|---|---|---|
| 1 | Miller Kaplan Arase LLP | |
| | (tax administrator) | |
| 2 | _[signature]_ | Nicholas A. Sanchez |
| | (signature) | (printed name) |
| 3 | Tax Administrator | 2/13/24 |
| | (title) | (date) |

SEC v Veritaseum Fair Fund
Tax Admin detail by account
Exhibit D to CFAR, page 15 of 15

**<u>Exhibit 2</u>**

**(Declaration)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| PLAINTIFF, | :   19 CIV. 4625 (WFK) (RER) |
| | : |
| -against- | : |
| | : |
| REGINALD ("REGGIE") MIDDLETON, | : |
| VERITASEUM, INC., AND VERITASEUM, LLC, | : |
| | : |
| DEFENDANTS. | : |
| | : |

_____

**DECLARATION OF DISTRIBUTION AGENT IN SUPPORT OF THE SECURITIES
AND EXCHANGE COMMISSION'S MOTION FOR AN ORDER APPROVING THE
CONSOLIDATED FINAL ACCOUNTING REPORT, DISCHARGING THE
DISTRIBUTION AGENT, TERMINATING THE FAIR FUND,
AND RELATED RELIEF**

I, Josias N. Dewey, declare as follows:

1.      I am a Partner at Holland & Knight, LLP, the Court-appointed Distribution Agent in the captioned action (the "SEC Action"). I submit this Declaration in support of the Motion of the Securities and Exchange Commission ("SEC") for an Order Approving the Consolidated Final Accounting Report, Discharging the Distribution Agent, Terminating the Fair Fund, and Related Relief (the "Motion"). I have personal knowledge of the facts stated herein.

2.      By Order entered on February 17, 2021, the Court approved the Distribution Agent's Proposed Claim Process (ECF No. 78-1, the "Claims Process") and the Proposed Distribution Plan (ECF No. 78-2, the "Distribution Plan"), and authorized the Distribution Agent, upon the SEC's receipt, review, and acceptance of the validated Payment File[1] and Reasonable

_____

[1] Capitalized terms not defined in this Declaration are used as defined in the Distribution Plan and/or the Claims Process.

Assurances Letter, to distribute the Net Available Fair Fund to Eligible Claimants in accordance with the Distribution Plan.  *See* ECF No. 82.

**The Claims Process**

3.      On or about February 17, 2021, the Distribution Agent published a Claims Process Notice substantially in the form attached as Exhibit A to the Claims Process.[2]  The Claims Process Notice was published on the Veritaseum Fair Fund website ([www.verifairfund.com](http://www.verifairfund.com)) and the SEC website            (https://www.sec.gov/enforcement/information-for-harmed-investors/reginald-middleton); disseminated on PRNewswire and on cryptocurrency and online publications and forums including CoinTelegraph, CoinDesk, Facebook, and Reddit; and sent by electronic or U.S. Mail to investors who provided contact information to the Distribution Agent.  *See* Claims Process, Section II.

4.      To ensure that all potentially eligible investors had notice of the Claims Process, the Distribution Agent extended the Bar Date for claims through November 21, 2021 and published the Claims Process Notice or some shortened form of the same in additional publications, including www.verifairfund.com.

5.      Through the Bar Date, the Distribution Agent received a total of 195 claims.  A portion of the claims were initially deficient, as some claimants either (1) failed to supply sufficient information to demonstrate control over their claimed wallet address, (2) failed to adequately establish the cost basis of their claim, (3) failed to supply adequate tax information, or (4) submitted duplicate claims.  In accordance with the Claims Process Section V.A., the Distribution Agent alerted the claimants of its determination as to the sufficiency of their claim and the preliminary acceptance or denial of their claim, and the Distribution Agent provided to the

---

[2] Capitalized terms not defined in this Section (The Claim Process) are used as defined in the Claim Process.

claimants multiple opportunities to cure deficiencies and seek reconsideration of their claim. The Distribution Agent worked with claimants to obtain sufficient documentation to cure any claim defects.

6.      After review of additional documentation submitted, the Distribution Agent ultimately accepted 137 claims, and rejected 58 claims. Of the claims rejected, 8 claims were rejected as duplicate submissions and, notwithstanding multiple chances to supplement their submissions: 16 failed to supply necessary tax information, 23 failed to prove control over claimed wallet addresses, 3 failed to establish the cost basis of their claimed purchases or that they were not an Excluded Claimant, and 8 failed to specify their wallet addresses in their claims. In accordance with Section V.C. of the Claims Process, on or about September 25, 2022, the Distribution Agent sent Final Determination Notices to all claimants.

**The Distribution**

7.      In accordance with Section VI of the Distribution Plan, upon the completion of the Claims Process, the Distribution Agent engaged Eisner Advisory Group, LLC to perform a set of agreed upon procedures, review a statistically significant sample of claims, and ensure accurate and comprehensive application of the Claims Process and Distribution Plan's methodology. The Distribution Agent communicated the results of the review to the SEC and made the firm available to the SEC staff to respond to questions.

8.      In accordance with Section VII.D of the Distribution Plan, the Distribution Agent, in consultation with the Tax Administrator, established a $350,081.00 reserve for fees, expenses, and taxes (the "Reserve").

9.      As of March 31, 2023, the Fair Fund held $14,113,096.87.[3]  After subtracting the Reserve, the Net Available Fair Fund held $13,763,015.87.

10.     In accordance with paragraph A.3. of the Distribution Plan, the Distribution Agent determined 34 of the accepted claims to be ineligible for a Distribution Payment because their Total Loss Amounts were less than $10.  The Distribution Agent determined 103 of the accepted claims to be eligible for a Distribution Payment, and the underlying claimants to be Eligible Claimants.

11.     The Distribution Agent calculated the aggregate Total Loss Amount for the 103 Eligible Claimants to be $10,405,442.24.

12.     In accordance with Section V.G. of the Distribution Plan, and because the Net Available Fair Fund had funds in excess of that necessary to pay each Eligible Claimant a Distribution Payment equal to the amount of their Total Loss Amount, the Distribution Agent prepared a Payment File for the distribution of $10,840,389.72 to harmed investors, comprised of the $10,405,442.24 aggregate Total Loss Amount and $434,947.48 in Reasonable Interest.

13.     Pursuant to Section VII.E of the Distribution Plan, the Distribution Agent submitted to the SEC staff, and the SEC staff accepted, the Payment File and Reasonable Assurances Letter. The SEC then caused $10,840,389.72 to be transferred from an SEC-designated account at the U.S. Treasury to the Distribution Agent's Escrow Account at The Huntington National Bank for distribution to Eligible Claimants in accordance with the Plan.

14.     Beginning on April 21, 2023, the Distribution Agent disbursed $10,840,389.72 to 103 Eligible Claimants by check or wire (the "2023 Distribution"), in full compensation of each Eligible Claimant's Total Loss Amount, plus Reasonable Interest.

---

[3] This value includes the approximate value of interest earned by, but not yet credited to, the Fair Fund as of March 31, 2023.

15.    The Distribution Agent monitored the status of all checks and electronic payments to maximize the number of checks cashed and payments received.  Among other things, the Distribution Agent emailed, called, and researched new addresses for Eligible Claimants that had not cashed their check or received their payment, seeking further information, encouraging check negotiation, and offering reissues, as appropriate.  Ultimately, all checks and electronic payments were cashed and/or received after the Distribution Agent began these outreach efforts.

16.    The 2023 Distribution is complete, and all Administrative Costs have been paid. Because all Eligible Claimants have been fully compensated for their Total Loss Amounts plus Reasonable Interest, the Distribution Agent, in consultation with the SEC staff, have determined further distributions infeasible.

17.    In accordance with Section XI.A of the Plan, the Distribution Agent has remitted the $63,586.67 remaining in the Escrow Account to the SEC.

18.    In accordance with Section X of the Plan, the Distribution Agent, in consultation with the Tax Administrator, has provided to the SEC staff a final accounting report for filing with the Court.  The Consolidated Final Accounting Report on the Cash Basis attached as Exhibit 1 to the memorandum accompanying the Motion has been prepared based on the records held by the Distribution Agent and the Tax Administrator and is true, correct, and complete.

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2025

*/s/ Josias N. Dewey*
Josias N. Dewey
Holland & Knight LLP
Distribution Agent
