

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

July 25, 2025

**Via ECF**

The Honorable William F. Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *SEC v. Reginald Middleton*, Case No. 1:19-cv-4625-WFK-VMS

Dear Judge Kuntz,

    The SEC writes in response to a letter from Mr. Franklin Jason Seibert, who represents the Defendants, to Magistrate Judge Vera M. Scanlon requesting that the briefing schedule for the SEC's motion to terminate the Fair Fund be extended and requesting that the SEC be compelled to produce certain unidentified documents. [ECF 130].

    The SEC has not withheld information from Mr. Seibert or the Court; thus, his request for a motion to compel is both puzzling and extraneous. The SEC served its Motion to for an Order Approving the Consolidated Final Accounting Report ("CFAR"), Discharging the Distribution Agent, Terminating the Fair Fund, and Related Relief ("Motion to Terminate") on the parties of record, and to Reginald Middleton by First Class mail, on January 22, 2025. [ECF 100]. Mr. Seibert moved to appear *pro hac vice* on February 4, 2025. At that time, he could have requested the SEC's motion papers from his clients or the SEC. When Mr. Seibert indicated his intent to file a Rule 60(d) motion to vacate the final judgment, briefing on the SEC's Motion to Terminate was stayed, and on March 13, 2025, the parties filed an agreed briefing schedule that requires Defendants to respond to the SEC's Motion to Terminate within two weeks after the disposition of Defendants' Rule 60(d) motion. [ECF 110]. The Court denied Defendants' Rule 60(d) motion on July 14, 2025, which set Defendants' deadline to respond to the Motion to Terminate on July 28, 2025. Mr. Seibert waited until July 23, 2025—169 days after first appearing in this case and 5 days before his response is due—to ask the SEC for its motion papers, which were served on his clients in January 2025. Had Mr. Seibert obtained the SEC's motion papers from his clients when he was retained or requested them from the Commission a reasonable amount of time before the deadline for his response brief, there would have been ample time to resolve the issues about which he complains in his letter motion to Magistrate Judge Scanlon. Instead, Mr. Seibert waited until the last minute to request the motion documents, then applied to the Court for an

extension when the SEC couldn't immediately address his vague and ambiguous complaints about pages missing from the CFAR.

Contrary to Mr. Seibert's allegations, there are no pages missing from the SEC's CFAR. The undersigned asked Mr. Seibert to identify specifically which pages he believes are missing, but he chose not to, and instead argued that the SEC should know what it withheld. Left to guess at what Mr. Seibert found lacking, the undersigned reviewed the CFAR and found that the pagination is not continuous, most likely because the document was signed in counterparts. It does, however, appear to be a complete report.[1] Mr. Seibert has also asked why the SEC did not file the CFAR on the docket. The SEC intends to file the CFAR along with the Motion to Terminate when briefing on the motion is complete according to your Honor's Rule of Individual Motion Practices III(G)(1), but the SEC would gladly file it on the docket sooner if the Court so directs.

Lastly, Mr. Seibert makes vague complaints about quarterly status reports and accounting documents. Again, Mr. Seibert has not specifically identified the reports and accountings with which he finds fault, forcing counsel for the SEC to guess at what he finds deficient. While Mr. Seibert correctly observes that the Final Judgment requires the Distribution Agent, Holland & Knight LLP, to file quarterly status reports thirty days after the end of every calendar quarter. [ECF 61], he fails to note that Holland & Knight did file quarterly reports with the Court until January 26, 2024. On that day, the Distribution Agent filed its Twelfth Progress Report and stated:

> [T]he SEC, working with the Distribution Agent and Tax Administrator, expects to file a motion terminating the Veritaseum Fair Fund in the upcoming quarter. Upon the filing of that motion, which will summarize the activity in this matter, the Distribution Agent does not intent [sic] to file any additional status reports unless the Court requests otherwise.

[ECF 94]. Based on this filing, it appears Holland & Knight believed that its duty to file quarterly reports had been fulfilled and that the case was ready to proceed to the termination of the fund.

Mr. Seibert's complaints have not been timely brought before this Court. He could have raised these concerns at any time once he had been retained by the Defendants in February 2025, but waited until now, just days before his brief is due, to request the motion papers that were served on his clients in January 2025 and to assert unfounded allegations against the SEC in a further attempt to delay these proceedings. Based upon the record before the Court, the SEC respectfully requests that the Court maintain July 28, 2025, as Defendants' deadline to respond to the SEC's Motion to Terminate. The SEC further requests that the Court deny Mr. Seibert's

---

[1] The undersigned was not counsel of record for the SEC in this case when the CFAR was compiled or when the SEC's Motion to Terminate was served on the parties. Therefore, this information is deduced from a review of the records and case file maintained by the Commission.

motion to compel, as he has failed to show that the Commission has neglected to disclose any relevant documents.

Sincerely,

Allison J.P. Moon
Counsel for the U.S. Securities and
Exchange Commission

Cc: Magistrate Judge Scanlon and all parties on the docket.