

July 25, 2025

<u>By ECF</u>

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   RE: SEC v. Reginald Middleton, et al., No. 19 Civ. 4625 (WFK) (VMS)
   The court should compel the Securities and Exchange Commission to provide all
   documents related to the accounting and publish (via PACER).

Dear Judge Scanlon:

 Ms. Moon states in D.E. 131 that "there are no pages missing from the SEC's CFAR." A review of D.E. 130-1 shows that Exhibit C to the CFAR begins at page 8 of 15. Exhibit D begins at page 8 of 15. There are at least 14 pages missing, at a minimum. As Ms. Moon states that she reviewed the pages she should know that they are missing. Why she represents to the court that they are not is a mystery.

 D.E. 61 requires quarterly updates, including accounting. Ms. Moon would likely know that if she'd taken the time to review the docket and all requirements, or even conferred with me as I requested repeatedly. There is no accounting information provided in the quarterly reports.

 As for what is not filed, or not included, it is impossible for Defendants to know what else was excluded as it does not have that information. Furthermore, the timing of the request should not matter, the fact that the information was excluded in quarterly reports and is withheld now is what matters. The SEC should provide all documents it was ordered to provide and all documents it is currently withholding. NB: I requested conferral on these issues today and received no response. Prior to Ms. Moon's response she did not contact me to confer. Prior to sending this letter I attempted to contact Ms. Moon, and she did not respond.

/
/
/
/

What is clear is that the SEC is attempting to force an accounting through this court that would see a $3 million dollar windfall to the Commission's coffers without scrutiny, oversight, or question. *SEC v. Liu* stated that disgorgement is for the benefit of the investors, not the SEC's general fund. This court should order full disclosure of all accounting records that were not included in the quarterly reports. *See* D.E. 61 pgs. 10-11 beginning at ¶ i) is clear on what was to be published. It was not. Because the final accounting is clearly missing multiple pages, and the interim accounting does not provide sufficient information upon which to compare the final accounting compared to the status, the court should order the Commission to provide the information it has already been ordered to provide.

    Respectfully submitted,

s/ Franklin Jason Seibert
Franklin Jason Seibert
Seibert Law
*Pro Hac Vice*, ECF Order (103)
971-235-5764, jason@seibert-law.com

cc: all parties and counsel on the docket (via ECF)



Page | 2