

December 10, 2025

<u>By ECF</u>

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE: SEC v. Reginald Middleton, et al., No. 19 Civ. 4625 (WFK) (VMS)
          Motion to Stay pending Appeal per Fed. R. App. P. 8.

Dear Judge Scanlon:

      Defendants thank the Court for allowing the opportunity to present this letter regarding the lack of Motion to Stay pending Appeal, as is customary per Fed. R. App. P. 8. Per the record, on September 5, 2025, Defendants' appellate counsel, Ms. Janine M. Gilbert, appeared on behalf of all Defendants and subsequently on September 8, 2025, filed Notice of Appeal. Ms. Gilbert should have simultaneously filed for a stay. Unfortunately, this was not the only mistake or issue that Defendants' appellate counsel made in the past few months, which lead to various conflicts of interest that created an environment upon which an attorney client relationship could no longer exist. On December 8, 2025, the Second Circuit granted Ms. Gilbert's motion to be relieved and for a 90-day extension of time for Defendants to file opening briefs (March 22, 2026). A copy of the Order (30.1) is included in this letter post-script.

      Defendants have until January 7, 2026, to appear with new counsel before the Second Circuit. As such, Defendants respectfully request the court grant leave for Defendants to file the motion to stay, or in reasonable substitution, consider this letter as motion to stay pending appeal. Staying enforcement of the judgment and holding the funds maintain the status quo. As is clear in filings, and in the evidence presented, and in the precedent of the Second Circuit, Defendants have a reasonable chance of success on appeal that will show that SEC attorneys materially lied before this court in order to obtain an asset seizure. Further, because those attorneys that were accused of that specific fraud failed to appear, file affidavit, or make any statement whatsoever, the lie is admitted. *King v. First Am. Investigations*, 287 F.3d 91 (2d Cir. 2002).

      Defendants requested relief in its FRCP 60 motion for an evidentiary hearing to determine the extent of the fraudulent statements and their material impact on the court's decision to seize assets, or in the alternative to vacate Order 61. Maintaining the funds in the Fair Fund is a prudent and reasonable course of action until the appeal is resolved.

      Finally, based on the Court granting Defendants' motion to compel production of documents related to the accounting, if not for the appeal, the Court should stay any distribution of the Fair Fund for a reasonable amount of time for the court and all parties to review the forthcoming accounting to make any additional or supplemental objections based on new information that may come to light.

      For the reasons stated above, and in alliance with the Court's view towards caution, Defendants' respectfully request that the Court stay any determination of the distribution of the fair fund to maintain the status quo until either the appeal is resolved, the objections to the accounting are resolved, or both.

      Respectfully submitted,

s/ Franklin Jason Seibert
Franklin Jason Seibert
Seibert Law
*Pro Hac Vice*, ECF Order (103)
971-235-5764, jason@seibert-law.com

cc: all parties and counsel on the docket (via ECF)



Page | 2

# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

     At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-five.

Before:       William J. Nardini,
                      *Circuit Judge.*

---

United States Securities &
Exchange Commission,

        Plaintiff - Appellee,

  v.

Reginald Middleton ("Reggie"),
Veritaseum, Inc., Veritaseum, LLC,

        Defendants -
Appellants.

---

**ORDER**

Docket No. 25-2185

     Janine Gilbert, counsel for the Appellants, moves to be relieved and for a 90-day extension of time, to March 22, 2026, a Sunday, for Appellants to file the opening brief.

     IT IS HEREBY ORDERED that the motions are GRANTED. Appellants must file their briefs by March 23, 2026.

     Appellants Veritaseum, Inc., and Veritaseum, LLC are further advised that an incorporated business, even if solely owned, is prohibited from appearing pro se in this Court. See 28 U.S.C. §1654; Berrio v. New York City Housing Authority, 564 F. 3d 130, 132-133 (2d Cir. 2009). Accordingly, the appeal is dismissed as to Appellants Veritaseum, Inc. and Veritaseum, LLC if an attorney does not appear on their behalf by January 7, 2026.

     A copy of this order and pro se instructional forms shall be sent to Appellants at the following addresses:

Reginald Middleton
195 Argyle Road
Brooklyn NY 11218

Veritaseum, Inc.
195 Argyle Road
Brooklyn NY 11218

Veritaseum, LLC
195 Argyle Road
Brooklyn NY 11218

              For the Court:

              Catherine O'Hagan Wolfe,
              Clerk of Court