

February 2, 2026

By ECF

The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York 225
Cadman Plaza East Brooklyn, New York 11201

RE: SEC v. Reginald Middleton, et al., No. 19 Civ. 4625 (WFK) (VMS)
 Defendants' Reply to Plaintiff's Opposition to the Appointment of a Special Master
 Under Fed. R. Civ. P. 53; Motion to Compel Production of Documents; Motion to Stay
 Pending Appeal – MOTION TO STAY ALL PENDING GOV. SHUTDOWN

Dear Judge Scanlon:

 Outstanding issues for this case include: 1) the Appointment of a Special Master; 2) the results of the Motion to Compel Documents (the quarterly reports); and 3) Motion to Stay Pending Appeal. Per stipulation of the parties last filing, all parties agreed that the Stay Pending Appeal would remain in effect until February 2, 2026, the due date for the response to the Motion to Appoint Special Master (FRCP 53). Plaintiff made their filing on January 30, 2026 (D.E. 161, *et seq.*).

 Defendants respectfully request a limited adjournment of the current deadlines for Defendants' (i) reply in further support of appointment of a Special Master under Fed. R. Civ. P. 53, and (ii) response(s) relating to the Fair Fund quarterly reporting/accounting submissions, for 21 days, together with continuation of the existing stay pending appeal through that adjourned date as the Securities and Exchange Commission lacks government appropriation.

 Defendants do have responses to the Quarterly Reports filed, and a response to the Opposition to the Appointment of Special Master but have not been able to confer with Plaintiff regarding those issues to attempt to resolve prior to filing. To summarize, the Consolidated Final Accounting lists digital tokens that are not accounted for in the transaction records provided by Mr. Dewey. Further, Defendants believe that the handling of the assets reported by Mr. Dewey violated Court Orders as proscribed in D.E. 51 and D.E. 61.

 Defendants propose that the Court: (1) extend the deadlines for Defendants' filings by 21 days to February 23, 2026; and (2) direct the parties to file a joint (or, if necessary, separate) status letter on February 23, 2026 regarding whether further schedule adjustments are needed.

Alternatively, if the Court prefers Defendants to file notwithstanding Plaintiff's inability to confer, Defendants respectfully request an order setting a firm filing schedule for Defendants' submissions and extending Plaintiff's response time until appropriations are restored or until further order of the Court.

Respectfully submitted,

/s/ Franklin Jason Seibert
Franklin Jason Seibert
Seibert Law
Pro Hac Vice (D.E. 103)
971-235-5764
jason@seibert-law.com

cc: all parties and counsel on the docket (via ECF)